IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 23, 2001

## FRANKLIN PARTON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 70273     Ray L. Jenkins, Judge**

---

**No. E2000-01511-CCA-R3-CD**
**June 25, 2001**

---

The petitioner/appellant, Franklin Parton, filed a pro se "Petition for Writ of Habeas Corpus" in the Knox County Criminal Court, which was dismissed by the trial court without an evidentiary hearing. Petitioner filed a motion for reconsideration and for treatment of the petition as a petition for writ of error coram nobis. This motion was also summarily denied by the trial court. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Franklin Parton, Edgefield, South Carolina, Pro Se.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner filed his "Petition for Writ of Habeas Corpus" on March 10, 2000, wherein he alleged that he pled guilty to various offenses in the Knox County Criminal Court on May 11, 1993, but that his convictions for these offenses cannot stand because he was denied effective assistance of counsel during the plea proceedings. Petitioner claimed, inter alia, that his counsel failed to inform him of the consequences of his guilty plea as well as his constitutional rights concerning the jury trial process and, as a result, his guilty plea was not voluntarily, knowingly, or intelligently made. The trial court summarily dismissed his petition on April 27, 2000, finding that the petition failed to conform to the statutory guidelines for the filing of a writ of habeas corpus and furthermore that, in lieu of habeas corpus relief, he was additionally precluded from obtaining post-conviction relief by the applicable statute of limitations. In his subsequent motion for reconsideration Petitioner alleged, essentially, that since the above remedies are not available to him, his remedy must lie in

a petition for writ of error coram nobis. This request was likewise dismissed by the trial court, which resulted in this appeal in which Petitioner requests this Court to review the trial court's dismissal of his petition and the order denying reconsideration of same.

Following a review of the record, we concur with the judgment of the trial court denying Petitioner relief. Concerning the dismissal of the original petition, the trial court correctly concluded that the petition, if treated as a petition for writ of habeas corpus, failed to conform to the relevant requirements of the law.

Grounds upon which a petitioner may be granted habeas corpus relief are limited in nature and scope, a petition for which "may only be utilized to successfully contest void, as opposed to voidable, judgments." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999) (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Id. (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). Even if Petitioner's counsel was ineffective by failing to advise him fully of the rights which he would waive upon entering a guilty plea, our supreme court has determined that a failure of this nature renders the related judgment voidable rather than void. State v. Neal, 810 S.W.2d 131, 134 (Tenn. 1991) (failure to apprize the defendant of the "full litany of information [concerning his constitutional privileges] that is required to be communicated" to the accused prior to his giving up the right to a jury trial "merely renders the related judgment voidable rather than void," and harmless error analysis is proper). Thus, habeas corpus relief is not available to Petitioner.

The trial court also correctly concluded that, if the original petition were treated as one for post-conviction relief, it would be barred by the applicable statute of limitations. At the time of Petitioner's convictions, the statute of limitations for post-conviction relief was three (3) years. See Tenn. Code Ann. § 40-30-102 (1990), repealed by Acts 1995, C. 207, § 1. Since the petition in issue was filed almost seven years after Petitioner's guilty pleas were entered in May 1993, the statute of limitations clearly bars post-conviction relief in this case.

Regarding Petitioner's motion for reconsideration, we find that the trial court correctly denied same and declined to grant relief as a petition for writ of error coram nobis. The filing of such petitions "may be had within (1) year after the judgment becomes final . . . ." Tenn. Code Ann. § 27-7-103 (1997); see State v. Mixon, 983 S.W.2d 661, 671 (Tenn. 1999). The petition, if treated as one for a writ of error coram nobis, was filed long after the one-year statutory limitation period had expired, and Petitioner has alleged nothing that would toll the limitation period. Cf. Phillip R. Workman v. State, ___ S.W.3d ___, No. W2001-00774-SC-R11-PD, slip op. at 4 (Tenn. March 29, 2001) (due process precluded application of the statute of limitations barring consideration of the writ of error coram nobis where a hearing on the grounds of newly discovered evidence could result in a different verdict and application of the time bar would result in defendant's being put to death without a court's evaluation of the merits of his case). In sum, Petitioner is not entitled to relief.

2

## CONCLUSION

Accordingly, the judgment of the trial court dismissing the petition for writ of habeas corpus, and the order denying reconsideration of same, are hereby affirmed.

_____
THOMAS T. WOODALL, JUDGE