# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### ADRIAN WILKERSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 95-B-856     J. Randall Wyatt, Jr., Judge**

---

### No. M2003-01385-CCA-R3-HC - Filed November 12, 2004

---

The Petitioner, Adrian Wilkerson, appeals from the dismissal of his petition for the writ of habeas corpus. The State has filed a motion requesting that the Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Adrian Wilkerson, pro se, Nashville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

According to the Petitioner's brief, on February 29, 1996, a Davidson County jury convicted the Petitioner of the following offenses: (1) especially aggravated robbery; (2) first degree murder; and (3) theft of property over $1000. The Petitioner was sentenced to life imprisonment for the first degree murder conviction. The Petitioner was sentenced to twenty five years for the especially aggravated robbery conviction and four years for the theft of property conviction, both to be served consecutively. This Court affirmed the convictions on direct appeal, but modified the sentence to an effective sentence of life plus twenty five years. However, the record does not contain any documentation regarding the judgments against the Petitioner. The Petitioner filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel. The trial court denied relief, and this Court affirmed the judgment on appeal. See Wilkerson v. State, No. M2001-

02295-CCA-R3-PC, 2002 WL 1558521 (Tenn. Crim. App., at Nashville, July 16, 2002), *perm. to appeal denied* (Tenn. Dec. 9, 2002).

On May 13, 2003, the Petitioner filed, pro se, a petition for writ of habeas corpus relief in the Davidson County Criminal Court. He contends that the trial court erred by failing to instruct the jury on lesser-included offenses. Further, the Petitioner asserts that he received ineffective assistance of counsel. On May 16, 2003, the trial court issued an order dismissing the Petitioner's petition for writ of habeas corpus. The Petitioner filed his notice of appeal in the trial court on June 3, 2003.

The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired. Petitioner's claim that his convictions are void because the trial court failed to instruct the jury on a variety of lesser-included offenses does not warrant habeas corpus relief. If this claim had merit, it may render the conviction voidable, not void. See Vernon v. State, No. M2003-02268-CCA-R3-HC, 2004 WL 1778480 (Tenn. Crim. App., at Nashville, Aug. 9, 2004), *perm. app. denied* (Tenn. Oct. 11, 2004); see also Robbins v. State, No. 03C019903CR00095, 1999 WL 813484 (Tenn. Crim. App., at Knoxville, Oct. 5, 1999). Further, the Petitioner's claim of ineffective assistance of counsel is not an appropriate claim for habeas corpus because, if proven, it would render the challenged judgments voidable rather than void. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The record does not contain any evidence to support the Petitioner's contention and, based upon the record before us, there is no proof that Petitioner's sentence has expired. Petitioner has failed to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

 

 

_____
ROBERT W. WEDEMEYER, JUDGE