# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## ALFIO ORLANDO LEWIS v. RICKY BELL, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-A-121     J. Randall Wyatt, Jr., Judge**

---

### No. M2004-02735-CCA-R3-HC - Filed April 14, 2005

---

The Petitioner, Alfio Orlando Lewis, appeals from the dismissal of his petition for the writ of habeas corpus. The State has filed a motion requesting that the Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Alfio Orlando Lewis, pro se, Nashville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner was convicted of two counts of attempted second-degree murder and two counts of aggravated assault on July 19, 2000. The trial court merged the two aggravated assault convictions into the two attempted second-degree murder convictions. The trial court sentenced the Petitioner to twelve years for each conviction, to be served consecutively, for an effective sentence of twenty-four years. The Petitioner's convictions were affirmed on direct appeal. State v. Alfio Orlando Lewis, No. M2000-03160-CCA-MR3-CD, 2002 WL 360269 (Tenn. Crim. App., Mar. 6, 2002), *perm. app. denied* (Tenn. Sept. 16, 2002). On July 19, 2004, the Petitioner filed, pro se, a petition for writ of habeas corpus relief in the Davidson County Criminal Court. He asserted that the trial court lacked jurisdiction to sentence the Petitioner because his convictions for second-degree

murder and aggravated assault violated double jeopardy. On August 24, 2004, the trial court issued an order dismissing the Petitioner's petition for habeas corpus relief. On September 22, 2004, the Petitioner filed, pro se, his second petition for writ of habeas corpus relief in the Davidson County Criminal Court. He asserted that the 1989 Criminal Sentencing Reform Act was unconstitutional and unconstitutionally applied to him. He therefore argues that the trial court did not have the authority to impose a sentence above the statutory minimum without a jury's determination of the facts used to enhance his sentence, rendering his convictions and sentences void. On October 8, 2004, the trial court dismissed the second petition, finding that the Davidson County Criminal Court had jurisdiction to sentence the Petitioner and that the Petitioner's sentence was not void. The Petitioner filed his notice of appeal in the trial court on October 28, 2004.

The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The Petitioner, relying on Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), claims that the trial court did not have the authority to impose a sentence above the statutory minimum because it applied enhancement factors that were not found by a jury or admitted by the Petitioner, rendering his sentences illegal.

These allegations, even if true, do not provide the Petitioner with a valid ground for habeas corpus relief. Even if there was a violation of the Petitioner's constitutional rights at the time of conviction and sentencing, such violation would render the judgment voidable, and not void, unless the face of the record establishes that the trial court did not have jurisdiction to convict or sentence the Petitioner. See Earl David Crawford v. State, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, at *1 (Tenn. Crim. App., at Nashville, Feb.15, 2005). Additionally, this Court has previously held, with regard to post-conviction proceedings, that Blakely does not establish a new watershed rule, and that Blakely does not apply retroactively to cases on collateral appeal. See Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App., at Jackson, Dec. 21, 2004); Carl Johnson v. State, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App., at Jackson, Jan. 25, 2005).

The Petitioner has failed to establish by a preponderance of the evidence that his convictions are void or his term of imprisonment has expired. Accordingly, the State's motion is granted. The

judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ROBERT W. WEDEMEYER, JUDGE