Francis W. POTTS, Petitioner–Appellant,

v.

STATE of Tennessee, Respondent–Appellee.

Supreme Court of Tennessee, at Jackson.

June 8, 1992.

Brett Stein, Memphis, for petitioner-appellant.

Charles W. Burson, Atty. Gen. and Reporter, Kathy Principe, Asst. Atty. Gen., Nashville, for respondent-appellee.

## OPINION

DAUGHTREY, Justice.

The appellant, Francis W. Potts, appeals directly to this Court from the dismissal of his petition for post-conviction relief. Potts asks us to declare that the three-year statute of limitations on the filing of post-conviction petitions constitutes an unconstitutional suspension of the writ of habeas corpus, in violation of the provisions of Article I, § 15 of the Tennessee Constitution. For the reasons set out below, we find no merit to this contention and affirm the judgment of the trial court.

On August 24, 1990, Potts was indicted for a third offense DUI. On the date set for trial, he entered a guilty plea to the basic DUI charge but took issue with the charge that he was a third-time offender. Potts filed a "Motion in the Nature of a Petition for Post–Conviction Relief," challenging the validity of prior guilty pleas that he had entered in 1982 and 1983 to charges of DUI. The motion also requested a consolidation of the petition with the pending DUI case. The state agreed to consolidate the post-conviction action with the guilty plea submission, but argued that the post-conviction challenge to the prior guilty pleas was time-barred by the provisions of T.C.A. § 40–30–102. The trial judge agreed with the state and dismissed the post-conviction petition. The court then adjudged Potts guilty of a third-offense DUI and sentenced him accordingly. This appeal followed, pursuant to the jurisdictional provision in T.C.A. § 16–4–108.

In 1986, the General Assembly enacted T.C.A. § 40–30–102. Pursuant to that provision:

A prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.

By its terms, the new provision was to take effect on July 1, 1986.

However, prior to the enactment of § 40–30–102, there had been no limitation on the filing of post-conviction petitions in Tennessee. Consequently, in order to avoid due process problems, the courts of this state ruled that the new statute of limitations would be given prospective application only. *See, e.g., State v. Masucci,* 754 S.W.2d 90, 91 (Tenn.Crim.App.1988); *State v. St. John,* 751 S.W.2d 453, 454 (Tenn.Crim.App.1988); *Abston v. State,* 749 S.W.2d 487, 488 (Tenn.Crim.App.1988). Thus, a routine challenge to a pre–1986 conviction has to have been lodged no later than June 30, 1989. *Masucci,* 754 S.W.2d at 91.

The appellant's petition challenging his pre–1986 DUI convictions was filed after June 30, 1989, and, on the basis of case authority set out above, the trial court held that the post-conviction petition was barred by the statute of limitations. On appeal,

Potts contests the constitutionality of T.C.A. § 40–30–102. He argues that in imposing a statute of limitations on post-conviction proceedings, the legislature has unconstitutionally suspended the writ of habeas corpus. Potts relies in this regard on Article I, § 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it."

We find the appellant's contention misplaced. The statute of limitations on the filing of post-conviction petitions is inapplicable to habeas corpus proceedings, because the two avenues of collateral attack are theoretically and statutorily distinct.

The post-conviction process, set out in T.C.A. §§ 40–30–101 et seq., provides for challenges to convictions that are alleged to be either void or voidable because of the abridgement of constitutional rights. T.C.A. § 40–30–105. In contrast, it is well settled in this state that the writ of habeas corpus, codified at T.C.A. §§ 29–21–101 et seq., will issue only in the case of a void judgment or to free a prisoner held in custody after his term of imprisonment has expired. State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256, 259 (1965). Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments. See State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The three-year statute of limitations on the filing of post-conviction petitions in no way affects the writ of habeas corpus. The provisions of § 40–30–102 are inapplicable to petitions for the writ of habeas corpus, except to the extent that habeas petitions are properly treated by courts as post-conviction petitions.[1] Habeas corpus has no statutory time limitation. Even after a post-conviction petition is dismissed as untimely, a prisoner may assert in a petition for a writ of habeas corpus that his conviction is void or that he is being wrongfully confined beyond his term of imprisonment.

We hold that the provisions of T.C.A. § 40–30–102 do not unconstitutionally suspend the writ of habeas corpus in Tennessee. Because the appellant's constitutional challenge is without merit, we affirm the judgment of the trial court.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.

---

1. T.C.A. § 40–30–108 instructs trial courts to treat habeas petitions as post-conviction petitions "when the relief and procedure authorized by [the Post–Conviction Procedure Act] appear adequate and appropriate." Trial courts should not, however, treat true habeas petitions filed outside the § 40–30–102 statute of limitations as post-conviction petitions. Challenges to void convictions and expired terms of imprisonment survive beyond the time prescribed in § 40–30–102, and the Great Writ cannot be defeated by conversion to post-convictions proceedings pursuant to § 40–30–108 and subsequent dismissal because of the § 40–30–102 time bar.