# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## GREGORY EIDSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sumner County**
**No. 10145     Jane Wheatcraft, Judge**

---

**No. M2004-02528-CCA-R3-HC - Filed February 1, 2005**

---

The Petitioner, Gregory Eidson, appeals from the dismissal of his petition for the writ of habeas corpus. The State has filed a motion requesting that the Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Gregory Eidson, pro se, Clifton, Tennessee.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On July 14, 1997, the Petitioner was declared to be an habitual traffic offender. According to the trial court order, the Petitioner is incarcerated because he pled guilty to: (1) Driving after having been declared an Habitual Traffic Offender; (2) Third Offense DUI, amended from Fourth Offense; and (3) Three counts of Driving after having been declared an Habitual Traffic Offender. Petitioner received a two year sentence at 30% suspended to 180 days to serve day for day, and was placed on Community Corrections for the first count of Driving after having been declared an Habitual Traffic Offender. Petitioner received a sentence of 11 months 29 days, suspended to 180 days day for day, to be served concurrently with the first Count of Driving after having been declared an Habitual Traffic Offender. Petitioner received a sentence of two years at 30% for the each of the remaining Driving after having been declared an Habitual Traffic Offender convictions, to be served concurrent

to each other, but consecutive to the first count of Driving after having been declared an Habitual Offender and the Third Offense DUI.

On March 31, 2004, the Petitioner filed, pro se, a petition for writ of habeas corpus relief in the Sumner County Criminal Court. The record does not contain this petition. On April 15, 2004, the trial court issued an order dismissing the Petitioner's petition for habeas corpus relief. The Petitioner filed a second habeas corpus petition on August 25, 2004, which the trial court dismissed on September 1, 2004. The Petitioner then filed a "petition to rehear habeas corpus" on September 20, 2004. He asserted that the trial court lacked jurisdiction over the Habitual Traffic Offender hearing. The trial court denied the petition to rehear on October 1, 2004. The Petitioner filed his notice of appeal in the trial court on October 15, 2004.

The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired. The Petitioner alleges that the trial court lacked jurisdiction to declare him an habitual traffic offender, however, his status as an habitual traffic offender is not the reason he is incarcerated. According to the trial court's order, the Petitioner is incarcerated because he pled guilty to four counts of Driving after having been declared an Habitual Traffic Offender and one count of a Third Offense DUI. There is no evidence in the record before us indicating that the Petitioner's convictions are void or that his sentences have expired.

The Petitioner has failed to establish by a preponderance of the evidence that his convictions are void or his term of imprisonment has expired. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE