# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## NOVEMBER SESSION, 1997

FILED

December 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JOHN EDGAR JUSTICE, JR.,    )
                            )
          Appellant         )
                            )
vs.                         )
                            )
JIMMY HARRISON, Warden,     )
and STATE OF TENNESSEE,     )
                            )
          Appellee          )

No. 02C01-9612-CC-00448

LAUDERDALE COUNTY

Hon. Joseph H. Walker, Judge

(Petition For Writ of Habeas Corpus)

For the Appellant:

**John Edgar Justice, Jr.**, *Pro Se*
C.C.C.F.
P. O. Box 1000
Henning, TN  38041

For the Appellee:

**Charles W. Burson**
Attorney General and Reporter

**Deborah A. Tullis**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, John Edgar Justice, Jr., appeals as of right the summary dismissal of his petition for writ of habeas corpus. The appellant is currently serving an effective ten to twenty-six year sentence at the Cold Creek Correctional facility in Lauderdale County. On September 19, 1996, the appellant filed three petitions for writ of habeas corpus, alleging that his sentences had expired.[1] The State filed a motion to dismiss alleging that the appellant's sentences do not expire until the year 2008.[2] The trial court granted the State's motion and dismissed the appellant's petition finding "[the appellant] has not made a colorable claim for habeas corpus relief." On appeal, the appellant contends the trial court erred in finding his sentences had not expired.

After review, the judgment of the trial court is affirmed.

**ANALYSIS**

The appellant admits that he received four sentences totaling ten to twenty-six years from convictions in Blount County during the period of December 15, 1977 through September 20, 1979.[3] The appellant's record of criminal convictions is complicated by the fact that, after his December 15, 1977 conviction, he was released on bond pending appeal, during which time he committed additional

_____

[1]The court consolidated the appellant's three petitions since the determinative issue in all three petitions was the same.

[2]This information was provided in an affidavit submitted by the Tennessee Department of Correction which was attached to the State's "Motion to Dismiss."

[3]The four convictions and dates of imposition of sentences are as follows: (1) attempt to commit felony, December 15, 1977 - one to three years; (2) assault with intent to commit rape (enhanced by five years for use of weapon), October 11, 1978 - six to fifteen years; (3) burglary, first degree (concurrent with case #2, but consecutive to case #1), October 11, 1978 - an indeterminate sentence of ten to ten years; (4) escape, consecutive to cases #1, #2, and #3, September 20, 1979 - two to three years.

crimes. After his rearrest and incarceration for these crimes, he escaped. While on escape status he committed a federal offense, which resulted in his conviction and federal sentence of twenty years. The federal sentence was ordered to run consecutive to his state sentences of ten to twenty-six years.[4]

On the day following his sentencing for escape, September 21, 1979, the appellant was transported to Brushy Mountain State Prison. The appellant contends that, on this date, because he was in the "legal physical custody" of the Tennessee Department of Correction pursuant to a court ordered mittimus, his state sentences had "commenced to run." On September 24, 1979, the appellant was transported from Brushy Mountain back to the Blount County jail to await transfer to a federal correctional facility. On September 25, 1979, the appellant was placed in the custody of federal authorities. The appellant acknowledges that his federal sentence of twenty years was ordered to be served consecutive to his state sentence of twenty-three years. He argues, however, that he was informed by both the Warden at Brushy Mountain and the Blount County District Attorney General that he would first serve his state sentences and then be transferred to the federal prison system. After completion of his federal sentence, he would be returned to Tennessee to complete the two to three year sentence imposed for escape. In support of this position, he argues that he was told by the District Attorney General:

> "You'll be released from state custody to federal custody tomorrow, September 25, 1979, you'll remain in the legal constructive custody of the State of Tennessee while being housed in the legal physical custody of the federal prison system under service of your 20 year federal sentence. I can not stop your transfer from the Tennessee prison system to the federal prison system, but I will place a detainer with the federal authorities for you to serve consecutively [the escape sentence of 2-3 years] after completion of all your state sentences [23 years] and your federal sentence [20 years].

On August 24, 1992, after expiration of his federal sentence, the appellant was returned to the Tennessee Department of Correction. In sum, the appellant

---

[4]The federal sentence was imposed on June 1, 1979.

contends that the action of the Department of Correction, in permitting his transfer to the federal prison system, in effect ". . . allowed [him] to serve his 26 year [Tennessee] sentence in Federal custody . . . ." Accordingly, the appellant argues that, based upon his sentence calculations, his twenty-three year state sentence expired while he was in federal custody and his two to three year sentence has expired since his return to Tennessee Department of Correction in 1992.

The proof in the record before us is undisputed that the twenty year federal sentence was ordered to be served consecutive to the state sentence of ten to twenty-six years. Thus, from this fact, simple mathematics tells us that the appellant's sentence has not expired. Moreover, we reject the appellant's argument that, during his federal incarceration, he was in "legal constructive custody" of the State of Tennessee.

Writs of habeas corpus will issue only in the case of void judgment or to free a prisoner held in custody after his term of imprisonment has expired. Tenn. Const. Art. 1 § 15; Tenn. Code Ann. § 29-21-101 *et seq* (1990); See Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); See also Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
GARY R. WADE, Judge

_____
JOE G. RILEY, Judge

4