IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 13, 2002

## BRADFORD D. DARNBUSH v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Coffee County**
**No. 30557     L. Craig Johnson, Judge**

_____

**No. M2000-02256-CCA-R3-PC - Filed April 29, 2002**

_____

The petitioner appeals the trial court's summary dismissal of his post-conviction relief petition. The issue presented for appeal is whether the petitioner's post-conviction petition is barred by the statute of limitations. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

Bradford D. Darnbush, Jonesville, Virginia, Pro Se.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General;  and Charles Michael Layne, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner, Bradford D. Darnbush, pled guilty to driving on a revoked license in Manchester City Court in January of 1992.  He was sentenced to eleven months and twenty-nine days and was ordered to pay a $250.00 fine, along with court costs.  In August of 2000, the petitioner filed a *pro se* petition for post-conviction relief, styled "Petition for Post-Conviction Relief and Memorandum of Facts."  Without a hearing, the post-conviction court dismissed his petition.   The single issue on appeal is whether the post-conviction court was correct in concluding that the petition was barred by the applicable Post-Conviction Procedure Act statute of limitations.  Tenn. Code Ann. § 40-30-202(a).

In his *pro se* petition, the petitioner asserted that the statutory maximum sentence for a conviction of first offense driving on a revoked license is six months and that his sentence of eleven months and twenty-nine days is, therefore, illegal.  He also asserted that his conviction is void because the Manchester City Court did not have jurisdiction to sentence him.  Further, he argued that his guilty plea was not knowingly and voluntarily entered because he was not

informed that the conviction "could be used against him at a later date." Finally, the petitioner argued that he did not properly waive his right to a jury trial through a valid written waiver.

We conclude that the petitioner's post-conviction petition is barred by the statute of limitations. The petitioner was convicted in January of 1992 and did not file this petition for post-conviction relief until August of 2000, more than eight years later. At the time of the petitioner's conviction, the statute of limitations for post-conviction relief was three (3) years. Tenn. Code Ann. § 40-30-102 (1990), repealed by Acts 1995, C. 207, § 1. More than three years have passed since the petitioner's conviction was entered. Moreover, the petitioner's claims do not fall within any of the exceptions, which would toll the limitations period. See Tenn. Code Ann. § 40-30-202(b) and (c). Thus, the statute of limitations period for post-conviction relief has expired.

We note, however, that a post conviction petition is not the only procedural avenue "available in Tennessee to collaterally attack a conviction and sentence which have become final . . . ." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petitioner may seek habeas corpus relief when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). In addition, the statute of limitations for filing a post-conviction petition does not preclude the petitioner from filing a petition for habeas corpus. Taylor, 995 S.W.2d at 84. "Even if a post-conviction petition is dismissed as untimely, a petitioner may assert in a petition for a writ of habeas corpus that his conviction is void or that he is being illegally or wrongfully restrained." Id. (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). Therefore, if "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that the convicting court was without jurisdiction or authority to sentence the petitioner, or that the petitioner's sentence of imprisonment or other restraint has expired," he may raise those issues, without regard to the post-conviction statute of limitations, by way of a petition for writ of habeas corpus. Archer, 851 S.W.2d at 164.

## CONCLUSION

For the above reasons, we affirm the judgment of the trial court dismissing the petitioner's claim for post-conviction relief as barred by the statute of limitations.

_____
JOHN EVERETT WILLIAMS, JUDGE