IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**JONATHAN THORNTON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Greene County**
**No. 00-CR-167C      James Edward Beckner, Judge**

---

**No. E2003-00393-CCA-R8-PC**
**March 17, 2003**

---

The petitioner, Jonathan Thornton, appeals the trial court's denial of his petition for habeas corpus relief, alleging that the sentence imposed by this court on direct appeal is illegal. Because the sentence imposed by this court upon direct appeal is in direct contravention of a statute, the judgment of the trial court is reversed and the petitioner's sentence is modified. With regard to the petitioner's felony conviction, we modify the sentence to a term of split confinement, with 7.2 months to be served in the local jail and the balance to be served on probation. The sentence for the misdemeanor sentence remains the same, 11 months and 29 days with thirty percent to be served in confinement.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Herbert S. Moncier and David S. Wigler, Knoxville, Tennessee, for the appellant, Jonathan Thornton.

Paul G. Summers, Assistant Attorney General; and Cecil C. Mills, Jr., Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

The petitioner, Jonathan Thornton, has appealed the trial court's denial of his petition for habeas corpus relief. He argues that because the sentence imposed by this court on direct appeal is illegal, he is entitled to release. Because the sentence imposed upon direct appeal is, in fact, in direct contravention of a statute, the judgment of the trial court is reversed and the petitioner's sentence is modified. As to the petitioner's felony conviction, the sentence is modified to a term of split confinement, with 7.2 months to be served in the local jail and the balance to be served on probation. The sentence for his misdemeanor theft shall remain as previously ordered, 11 months and 29 days with thirty percent to be served in confinement.

In September of 2001, the petitioner was convicted of one count of theft of property valued at more than $1,000 but less than $10,000 and one count of theft of property valued at less than $500. The trial court imposed concurrent sentences of two years and 11 months and 29 days, respectively, to be served in confinement. See State v. Jonathan Thornton, No. E2001-02491-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Sept. 30, 2002). On direct appeal, this court affirmed the judgment of the trial court but modified the petitioner's effective sentence to split confinement, with nine months to be served in the Department of Correction and the balance to be served on probation. See id. The supreme court denied permission to appeal on February 10, 2003.

On that same day, the petitioner filed a petition for writ of habeas corpus in the trial court, asserting that the sentence imposed by this court was illegal. He also filed a motion for reduction of his sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. The trial court denied relief and the petitioner filed a notice of appeal pursuant to Tennessee Rule of Appellate Procedure 3. The petitioner asserts that his sentence is illegal because it was imposed in contravention of the requirement that sentences of split confinement be served in the local jail or workhouse rather than in the Department of Correction. See Tenn. Code Ann. § 40-35-306(a),-314(a). In addition, he argues that the sentence is illegal because the length of continuous confinement ordered exceeds that mandated under Tennessee Code Annotated § 40-35-501(a)(3), (c).

Initially, Tennessee Rule of Appellate Procedure 2 provides that this court may suspend the rules of Appellate Procedure in "the interest of expediting decision upon any matter." Because it is our view that the petitioner is entitled to a modification of the sentence and any delay in the grant of relief should be avoided, the procedural rules are suspended so as to expedite the grant of relief.

A "person imprisoned or restrained of [his] liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101. A writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. Our supreme court has held that a defendant may obtain relief from an illegal sentence by filing a petition for a writ of habeas corpus. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). In Burkhart, the high court ruled that a sentence imposed in contravention of a statute is illegal, a nullity and may be corrected "at any time, even if it has become final." Id. A trial judge has both the power and authority to correct the sentencing judgment "as soon as the illegality [is] brought to his attention." Id.

Tennessee Code Annotated section 40-35-306 provides, in pertinent part, as follows:

A defendant receiving probation may be required to serve a portion of the sentence in continuous confinement for up to one (1) year in the local jail or

workhouse, with probation for a period of time up to and including the statutory maximum time for the class of the conviction offense.

Tenn. Code Ann. § 40-35-306(a). When the sentence is less than eight years and a sentence of split confinement is ordered, the court "shall designate the place of confinement as a local jail or workhouse." Tenn. Code Ann. § 40-35-314(a).

A sentence of split confinement of nine months in the Department of Correction does, in fact, contravene both Tennessee Code Annotated sections 40-35-306 and 40-35-314. Thus, the sentence must be modified to provide that the defendant shall be housed at the local jail or workhouse, in this case the Greene County Detention Facility. Further, it appears that the length of continuous confinement ordered by this court exceeds that which the defendant is required to serve pursuant to Tennessee Code Annotated § 40-35-501. That statute provides, in pertinent part, as follows:

> (a)(3) Notwithstanding any other provision of law, inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date.
>
>     *             *             *
>
> (c) Release eligibility for each defendant sentenced as a Range I standard offender shall occur after service of thirty percent (30%) of the actual sentence imposed less sentence credits earned and retained by the defendant.

Tenn. Code Ann. § 40-35-501(a)(3), (c). A sentence of split confinement may not be imposed which circumvents the statutory release eligibility date. State v. Stephen Michael Ware, No. E2000-01952-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Aug. 7, 2001). In Lambert v. Morgan, No. M1999-02321-CCA-R3-PC, this court held that a sentence imposed in contravention of the statutory release eligibility date is illegal and that the defendant so sentenced was entitled to habeas corpus relief.

Here, the defendant received a sentence of two years as a Range I standard offender for his felony conviction. His release eligibility date would thus occur after service of thirty percent, or 7.2 months, of his sentence. Due to the nature of the crimes involved and the applicable sentencing guidelines, a period of incarceration is necessary. Thus, the defendant's felony sentence is modified to a sentence of split confinement with 7.2 months to be served in the local jail or workhouse concurrently with the misdemeanor sentence and the balance to be served on probation. The cause is remanded for the imposition of the sentence. Costs are adjudged to the state.

_____
GARY R. WADE, PRESIDING JUDGE