IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

### JOSEPH HOUGH v. HOWARD CARLTON, WARDEN, and the STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 4746    Robert E. Cupp, Judge**

---

**No. E2006-00782-CCA-R3-HC - Filed March 15, 2007**

---

The petitioner, Joseph Hough, appeals the trial court's denying his petition for writ of habeas corpus. The State has filed a motion requesting that this court affirm the trial court's order pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition presents no cognizable claim for habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and D. KELLY THOMAS, JR., JJ., joined.

Joseph Hough, Mountain City, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General,  for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The petitioner and two co-defendants were each convicted of one count of theft of property valued at over $ 1,000.00, but less than $ 10,000.00 and three counts of theft of property valued at $ 500.00 or less. The petitioner was sentenced as a Range I standard offender to three years and six months in the state penitentiary for the theft over $ 1,000.00 and received concurrent sentences of eleven months and twenty-nine days in jail for the misdemeanor thefts. In addition, the trial court fined each defendant $2,500.00.  As to the petitioner, this court affirmed the trial court's judgment in all respects.  See State v. Joseph Hough, a/k/a Johnny, Jimmy Tucker and Monty Palmer, No.03C01-9404-CR-00143 (Tenn. Crim. App., June 13, 1995).

On October 3, 2005, the petitioner filed a pro se petition for writ of habeas corpus.  The petitioner claimed that there was a material variance between the allegations made with respect to

two counts of the indictment and the proof presented at trial. In our opinion affirming his convictions, this court observed:

> The proof revealed that the electronic equipment in Mr. Hough's vehicle had been stolen from various churches and a business, all of which had been recently burglarized. These included the Hillcrest Baptist Church, All Saints Episcopal Church, Liberty Hill United Methodist Church and the Pizza Cottage. Property from the Baptist Church was valued at $ 1,200.00; property from the Episcopal Church was valued at about $ 150.00; property from the Methodist Church was valued at about $ 200.00; and property taken from the Pizza Cottage was valued at approximately $ 100.00.

Id., slip op. at 3.

In his petition, the petitioner asserted that with respect to the value of the property taken in the theft at Hillcrest Baptist Church (count 2), he could have been indicted for no more than a class A, misdemeanor theft of property valued at $500 or less. With respect to the theft of All Saints Episcopal Church (count 5), the petitioner asserts that the indictment is void. He contends that he could not have been properly charged for theft because church representatives were not able to identify a video cassette recorder listed in the indictment as church property. On November 18, 2005, the trial court denied the petition for lack of merit. The trial court found that the indictments were constitutionally sufficient and further found that "the Petitioner raised the same issue on appeal and the Criminal Court of Appeals found there was no merit in this allegation." Before this court, the petitioner has pursued only his claim with respect to count 2.

A "person imprisoned or restrained of [his] liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101. A writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

An allegation of a material variance between the proof and the offense charged in the indictment is not one that is subject to habeas corpus relief. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). Moreover, the petitioner essentially challenges the sufficiency of the evidence of the value of the electronic equipment he was convicted of stealing from Hillcrest Baptist Church. This court rejected this same challenge on direct appeal, concluding that there was "ample, indeed overwhelming, evidence . . . to find the value of the Hillcrest Baptist Church's property to [be] more than $1,0000.00." See State v. Joseph Hough, No. 03C01-9404-CR-00143, slip op. at 6.

-2-

The petitioner has failed to assert a claim that would entitle him to habeas corpus relief. After full consideration of the record, the briefs, and the law governing the issues presented, we are of the opinion that the record supports the trial court's action, that no error of law exists that would require a reversal, and that no precedential value would be derived from the rendering of an opinion.

Accordingly, the order of the trial court denying habeas corpus relief is AFFIRMED pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.

_____
JUDGE JAMES CURWOOD WITT, JR.