IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 12, 2007

## DEMARCUS SMITH v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6119     Joseph H. Walker, III, Judge**

_____

**No. W2007-00540-CCA-R3-HC  - Filed August 18, 2008**

_____

The petitioner, Demarcus Smith, pro se, appeals the summary dismissal of his "petition for writ of habeas corpus to correct illegal sentence." He contends his sentence is illegal because a Range I, standard offender cannot be required to serve one hundred percent before release eligibility. After review, we conclude the judgment is facially valid and the summary dismissal is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

Demarcus Smith, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The judgment under attack reveals the petitioner, at age nineteen, pled guilty to second degree murder (Class A felony) and received a sentence of seventeen years and six months in the Tennessee Department of Correction. The judgment designates the petitioner as a violent offender and requires one hundred percent service of his sentence before he is eligible for release. The petitioner contends he is a Range I, standard offender and, therefore, cannot be required to serve one hundred percent of his sentence.[1]

The petitioner unsuccessfully petitioned for post-conviction relief. _Demarcus Sheriff Smith v. State_, No. W2001-01353-CCA-R3-PC, 2002 Tenn. Crim. App. LEXIS 189, *17 (Tenn. Crim. App. Mar. 8, 2002, at Jackson). On May 2, 1999, the petitioner shot the victim and pointed the murder weapon at a second victim. On July 20, 1999, the petitioner pled guilty to second degree murder and aggravated assault.

_____

[1]It is difficult to decipher the petitioner's brief and petition because he is a pro se litigant.

Analysis

Under Tennessee's sentencing system, a petitioner's prior convictions may require service of more time and extend the percentage of time served before release eligibility can be obtained. T.C.A. § 40-35-114(1). However, the range classification of one pleading or found guilty of second degree murder only relates to the minimum amount of time to be served, not the percentage of time to be served before reaching eligibility for release. The percentage of service required before one is eligible for release on a charge of second degree murder is one hundred percent, as provided in Tennessee Code Annotated section 40-35-501(b)(i)(1).

"Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101 (2000). Tennessee courts have long held that the writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or is otherwise entitled to immediate release because of the expiration of his sentence. *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (1868). Relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a state habeas petition is to contest a void, not merely a voidable, judgment. *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007).

The judgment under attack is facially valid and correct, given the petitioner's conviction. The petitioner's allegations do not allege a void judgment; therefore, the habeas corpus court did not err in dismissing his claim.

Conclusion

Based on the foregoing and the record as a whole, we affirm the summary dismissal of the petition.

_____
JOHN EVERETT WILLIAMS, JUDGE