# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## JULY SESSION, 1998

| | | |
|---|---|---|
| GARY DEWAYNE DONALD, | ) | C.C.A. NO. 01C01-9710-CR-00481 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| VS. | ) | |
| | ) | **HON. J. RANDALL WYATT, JR.** |
| STATE OF TENNESSEE, | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction Relief)** |

FOR THE APPELLANT:

GARY DEWAYNE DONALD
Pro Se
TDOC #221716
Lake Co. Reg. Corr. Facility
Tiptonville, TN 38079

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

VICTOR S. JOHNSON
District Attorney General
Washington Square Building
2nd Avenue North
Nashville, TN 37201

ORDER FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

## ORDER

On May 4, 1993, Appellant Gary Dewayne Donald pleaded guilty in the Davidson County Criminal Court to second degree murder. He waived the sentencing range pursuant to State v. Mahler, 735 S.W.2d 226 (Tenn. 1987). Appellant was sentenced as a Range I standard offender to fifty years incarceration with the Tennessee Department of Correction. On appeal, he presents the following issue for our review: whether the trial court erred in dismissing Appellant's petition for the writ of habeas corpus or post-conviction relief.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

On March 12, 1997, Appellant filed his *pro se* petition for writ of habeas corpus or, in the alternative, post-conviction relief in the Davidson County Criminal Court. The trial court dismissed the petition without a hearing on May 15, 1997. Both in his petition and on appeal, Appellant alleges the following:

> (1) Appellant's guilty plea was not entered knowingly and voluntarily;
> (2) Appellant received ineffective assistance of counsel;
> (3) Appellant agreed to an illegal sentence not permitted by Tenn. Code Ann. § 40-35-112, as that section does not allow a defendant to be sentenced to fifty years incarceration with 30 percent release eligibility; and
> (4) The trial court misapplied certain enhancement and mitigating factors.

In Tennessee, it is well-settled law that the remedy of habeas corpus is limited both in scope and in relief. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In criminal cases, habeas corpus is available only where the judgment is void or the term of imprisonment has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The habeas petitioner bears the burden of demonstrating by a preponderance of the evidence that the judgment of conviction is void or that his term of confinement has expired. Id. If the petitioner establishes by a preponderance of the evidence either that his conviction is void or that his term of confinement has expired, he can obtain immediate release. Warren v. State, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986).

Appellant's complaint would at most make his conviction and sentence voidable, not void. Furthermore, he neglected to file his petition in the most convenient court to his place of confinement as required by Tenn. Code Ann. § 29-21-105.[1] See Gouldin v. State, C.C.A. No. 02C01-9605-CR-00145, Shelby County (Tenn. Crim. App., Jackson, February 27, 1997). Hence, the petition fails to qualify as warranting a writ of habeas corpus.

Alternatively, were we to treat this petition as one for post-conviction relief, it is barred by the statute of limitations. Prior to the adoption of the recent Post-Conviction Procedure Act, petitions like the present one had to be filed within three years of the date of the final action of the highest state appellate court to which an appeal was taken. Tenn. Code Ann. § 40-30-102 (1995, Repl.). Accordingly, Appellant's statute of limitations for the filing of a petition for post-conviction relief began to run on May 4, 1993 and expired three years later on May 4, 1996. However, the new Post-Conviction Procedure Act, which took effect on May 10, 1995, subsequently shortened the three-year statute of limitations to one year. Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). When the new Act took effect, the previous three-year statute of limitations had not expired for Appellant. Because the three-year statute of limitations had not

---

[1] According to his brief Appellant is incarcerated in Lake County Regional correctional facility located at Tiptonville, Tennessee.

expired, Appellant's right to petition for post-conviction relief survived under the new Act. Accordingly, Appellant had one year from the effective date of the new Act--May 10, 1995--in which to file for post-conviction relief. <u>Albert Holston v. State</u>, C.C.A. No. 02C01-9609-CR-00298, Shelby County (Tenn. Crim. App., Jackson. July 28, 1997). Appellant filed his petition on March 12, 1997, approximately ten months after the expiration of the one-year period. We conclude that the trial court properly dismissed the March 12, 1997 petition as being barred by the statute of limitations.

With respect to Appellant's third and fourth allegations, we need only point out that in a post-conviction or habeas corpus proceeding, this Court does not review a sentence. <u>State v. Bryant</u>, 805 S.W.2d 762, 763 (Tenn. 1991).

Accordingly, we affirm the trial court's judgment pursuant to Court of Criminal Appeals Rule 20.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE