IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 9, 2012

## DARRY LEE MITCHELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court of Davidson County**
**No. 91-S-1144      Cheryl Blackburn, Judge**

**No. M2011-02030-CCA-R3-PC - Filed June 15, 2012**

Darry Lee Mitchell ("the Petitioner") pled guilty in 1991 to one count of especially aggravated kidnapping, one count of aggravated rape, and one count of aggravated robbery, receiving an effective sentence of fifty-five years in the Tennessee Department of Correction. The Petitioner filed for post-conviction relief in 1996 and again in 2004; both petitions were denied. Acting pro se, the Petitioner filed a motion to reopen his post-conviction petition in July 2011, which the post-conviction court denied without a hearing. The Petitioner appealed. Upon our thorough review of the record and relevant authorities, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Darry Lee Mitchell, pro se, Nashville, Tennessee, appellant.

Robert E. Cooper, Jr., Attorney General & Reporter; Meredith DeVault, Senior Counsel; Victor S. Johnson III, District Attorney General; Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

In its order denying relief, the post-conviction court set forth the following recitation of the procedural background of the Petitioner's case:

On June 28, 1991, a Davidson County Grand Jury returned an indictment against Petitioner, charging him with five counts: one count of especially aggravated kidnapping (Count 1), three counts of aggravated rape (Counts 2, 3, and 4), and one count of aggravated robbery (Count 5). Approximately five months later, on November 11, 1991, Petitioner entered a plea of guilty. Pursuant to a plea agreement negotiated by counsel, Petitioner pled guilty to especially aggravated kidnapping (Count 1) with a sentence of 25 years, one count of aggravated rape (Count 2) with a sentence of 40 years to be run concurrently with the sentence imposed in Count 1, and aggravated robbery (Count 5), with a sentence of 15 years to be served consecutively to the sentences imposed in Counts 1 and 2, for a total effective sentence of 55 years, to be served as a Ra[n]ge II Multiple Offender with 35% release eligibility.

On August 14, 1996, Petitioner filed his first petition for post-conviction relief. A post-conviction hearing was held in Division I of the Criminal Court on November 20, 1998, and on December 7, 1998, the Honorable Judge Steve Dozier issued an Order denying the petition, finding that it was not timely and pursuant to State v. Hill, 954 S.W.2d 725 (Tenn. 1997), Petitioner's late-filed petition did not meet any of the exceptions to the statute of limitations. Petitioner appealed, and on October 8, 1999, the Court of Criminal Appeals affirmed the denial of post-conviction relief (case no. 01C01-9812-CR-00495); the Tennessee Supreme Court denied permission to appeal on March 6, 2000. Darry L. Mitchell v. State, No. M1998-00389-SC-R11-PC (Tenn. Mar. 6, 2000).

On June 7, 2004, Petitioner filed his second petition for post-conviction relief alleging that his guilty plea was not knowingly and voluntarily entered. This Court issued an order on June 11, 2004, denying the petition. In this order, the Court noted that the petition was not only time barred pursuant to T.C.A. § 40-30-102(a), but that Petitioner had filed a previous petition, which had been resolved by Division I. Tenn. Code Ann. § 40-30-102(c) ("In no event may more than one petition for post-conviction relief be filed attacking a single judgment."). Although the filing was styled as a petition for post-conviction relief, this Court also analyzed Petitioner's claims pursuant to habeas corpus law since it appeared that Petitioner was attempting to seek a writ of habeas corpus (the *pro se* petition alleged that the Court did not have jurisdiction over his case thereby making the judgment void). As set forth in the written order, this Court found that Petitioner failed to establish a habeas corpus claim since the Court clearly had jurisdiction and his sentence had not

expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); see also Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).

Now, over 8 years later, Petitioner seeks to reopen his post-conviction petition.

The post-conviction court denied the Petitioner's motion without a hearing, holding that he "has failed to establish any legally recognized basis to reopen his post-conviction petition." Proceeding pro se, the Petitioner has appealed the post-conviction court's judgment.

## Analysis

As recognized by the post-conviction court, the grounds upon which a petitioner may reopen a petition for post-conviction relief are very narrow:

A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid[.]

Tenn. Code Ann. § 40-30-117(a) (Supp. 2011).

In this case, the Petitioner is claiming that he is entitled to reopen his petition for post-conviction relief pursuant to the first of these exceptions, arguing that the Tennessee

Supreme Court's decision in Lane v. State, 316 S.W.3d 555, 562-70 (Tenn. 2010), established a new rule of constitutional law that must be applied retroactively to cases on collateral review. The post-conviction court determined that Lane did not establish a new constitutional rule and did not entitle the Petitioner to reopen his prior petition.

The State initially argues that the Petitioner filed his notice of appeal untimely, thereby depriving this Court of jurisdiction of this appeal. The State relies on Tennessee Code Annotated section 40-30-117(c) which, prior to May 27, 2011, provided that, if the post-conviction court denied the motion to reopen, the petitioner had "ten (10) days to file an application in the court of criminal appeals seeking permission to appeal." Tenn. Code Ann. § 40-30-217(c) (2006). Effective May 27, 2011, however, subsection (c) was amended to provide a petitioner thirty days in which to file his or her application for permission to appeal. See 2011 Tenn. Pub. Acts ch. 290, §§ 1, 2. The Petitioner filed his motion to reopen his post-conviction petition on July 19, 2011. Accordingly, the newly-amended subsection (c) applies to this case. The post-conviction court filed its order denying the motion on August 19, 2011. The Petitioner filed his notice of appeal with this Court on September 14, 2011. Therefore, the Petitioner's filing was timely.

Nevertheless, a review of the merits of the Petitioner's case demonstrates that the Petitioner is entitled to no relief. The plain language of section -117(a)(1) makes clear that any motion to reopen under that provision is subject to a two-prong inquiry. The first prong is whether there has been a new rule of constitutional law established. If the answer to this question is affirmative, then the second prong requires a determination of whether the new rule must be applied retrospectively to cases on collateral review. However, if the answer to the first prong is negative, we need proceed no further. See, e.g., Moses Coury v. Bruce Westbrooks, No. M2003-01800-CCA-R3-PC, 2004 WL 2346151, at *2-3 (Tenn. Crim. App. Oct. 19, 2004) (declining to address retroactivity prong upon concluding that appellate decision at issue did not establish a new constitutional right).

Thus, in analyzing the Petitioner's claim, we first must determine whether the Tennessee Supreme Court's recent decision in Lane v. State established a new rule of constitutional law. Our Post-Conviction Procedure Act ("the Act"), Tenn. Code Ann. § 40-30-101 through -122 (Supp. 2011, 2006), provides that, "[f]or purposes of this part, a new rule of constitutional criminal law is announced if the result is not dictated by precedent existing at the time the petitioner's conviction became final and application of the rule was susceptible to debate among reasonable minds." Tenn. Code Ann. § 40-30-122 (2006). This statutory provision became effective in 1995. See 1995 Tenn. Pub. Acts ch. 207, §§ 1, 3. Additionally, in considering a motion to reopen a post-conviction petition filed in 1997, our supreme court subsequently has stated that "[a] case 'announces a new rule when it breaks new ground or imposes a new obligation on the States or Federal government.'" Van Tran

v. State, 66 S.W.3d 790, 810-11 (Tenn. 2001) (quoting Teague v. Lane, 489 U.S. 288, 301 (1989)).  Applying either of these standards with regard to the Lane decision makes clear that Lane did not announce a new rule of constitutional law.

The issue in Lane was the "validity of [the] defendant's guilty plea when the trial court did not specifically ask the defendant 'How do you plead?' and he did not respond with the words, 'Guilty' or 'Not Guilty.'"  Lane, 316 S.W.3d at 558.  After reviewing the guilty plea documents and the colloquy between the defendant and the trial court at the guilty plea submission hearing, our supreme court concluded that the defendant's guilty plea was valid. The court specifically held:  "Because the trial court substantially complied with the federal and Tennessee guilty plea mandates with its questions and the defendant affirmatively answered these questions, the defendant knowingly, voluntarily, and intelligently entered a guilty plea and, thus, received due process under the facts and circumstances of this case." Id. at 568.  Thus, the Tennessee Supreme Court formulated no new rule of constitutional law in analyzing or determining the issue before it.  Indeed, the decision did not even grant relief to the petitioner in that case.  Rather, it applied well-established rules of law.  The result reached by the Lane court was dictated by existing precedent.  The Lane decision broke no new ground nor did it impose any new obligations on trial courts.  Therefore, we agree with the post-conviction court that the Lane decision did not announce a new rule of constitutional law that is required to be applied retroactively in post-conviction proceedings.

For the reasons set forth above, the Petitioner is not entitled to reopen his initial petition for post-conviction relief on the basis of Tennessee Code Annotated section 40-30-117(a)(1), and the post-conviction court properly denied the Petitioner's motion.

## Conclusion

For the foregoing reasons, we affirm the post-conviction court's judgment denying the Petitioner's motion to reopen his petition for post-conviction relief.

_____
JEFFREY S. BIVINS, JUDGE