IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 21, 2024

## MICHAEL WHITE v. VINCENT VANTELL, WARDEN

**Appeal from the Circuit Court for Trousdale County**
**No. 2023-CV-5040       Michael Wayne Collins, Judge**

_____

### No. M2023-00967-CCA-R3-HC
_____

A Marshall County jury convicted the Petitioner, Michael White, of five counts of rape in 2005, and the trial court sentenced him to an effective sentence of fifty-five years. Thereafter, the Petitioner filed an application for a writ of habeas corpus. He alleged that the trial court lacked jurisdiction to hear his case because, among other things, the original affidavit of complaint was invalid and that his charges were not supported by probable cause. The habeas corpus court summarily denied the application, finding that the Petitioner failed to state a colorable claim for relief and that he failed to comply with the statutory requirements for requesting the writ. Upon our review, we respectfully affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and MATTHEW J. WILSON, JJ., joined.

Michael White, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Brooke A. Huppenthal, Assistant Attorney General; and Jason L. Lawson, District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

In 2005, a Marshall County jury convicted the Petitioner of five counts of rape, and the trial court sentenced the Petitioner to an effective sentence of fifty-five years. A summary of the factual background of this case may be found in our opinion resolving the Petitioner's direct appeal. *See State v. White*, No. M2005-01659-CCA-R3-CD, 2006 WL 1931749 (Tenn. Crim. App. July 13, 2006), *perm. app. denied* (Tenn. Nov. 20, 2006).

Since that time, the Petitioner has unsuccessfully pursued a post-conviction petition, three applications for a writ of habeas corpus, and two motions to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. We have outlined this procedural history in our opinion resolving the Petitioner's most recent appeal. *See White v. Frink*, No. M2022-00429-CCA-R3-HC, 2022 WL 17986538 (Tenn. Crim. App. Dec. 29, 2022), *no perm. app. filed*.

On March 3, 2023, the Petitioner filed a fourth application for a writ of habeas corpus. In this filing, the Petitioner alleged, among other things, that the affidavit of complaint was invalid and that his charges were not supported by probable cause. The Petitioner argued that because of these issues, "the indictments, convictions and judgment[s] are void and [the resulting] restraint illegal." Although the Petitioner attached a copy of his third application for a writ of habeas corpus, he did not attach copies of his first two applications. He explained that copies of these first two applications were "lost and destroyed" due to being transported between institutions and being subject to "numerous cell searches over the years."

The habeas corpus court summarily denied the application by a written order entered on June 14, 2023. The court found that the Petitioner failed to comply with the statutory requirement that copies of all previous petitions for a writ of habeas corpus be attached to the application. It also found that the alleged errors did not affect the trial court's jurisdiction. The Petitioner filed a timely notice of appeal on June 29, 2023.

## STANDARD OF APPELLATE REVIEW

With respect to every issue on appeal, our supreme court has recognized that a reviewing court must ask, "[W]hat is the appropriate standard of review?" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The principal issue in this case is whether habeas corpus relief should be granted. This question is one of law, and our standard of review is

"de novo with no presumption of correctness given to the conclusions of the court below." *Davis v. State*, 313 S.W.3d 751, 755 (Tenn. 2010).

## ANALYSIS

The privilege of the writ of habeas corpus is constitutionally guaranteed by article I, section 15 of the Tennessee Constitution, which states that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Despite the writ's being constitutionally guaranteed, the procedures used to issue the writ have been regulated by statute "at least since the Code of 1858." *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000) (citation and internal quotation marks omitted).

Today, a petitioner seeking a writ of habeas corpus is subject to various statutory procedural requirements. *See* Tenn. Code Ann. § 29-21-107(b). These requirements "are mandatory and must be followed scrupulously." *See Summers v. State*, 212 S.W.3d 251, 259 (Tenn. 2007). Indeed, an application for the writ may be summarily denied if it fails to comply with these requirements. *See id.* at 260.

One of the mandatory statutory requirements is that a habeas corpus petitioner who seeks relief for the first time must confirm that the application is the "first application for the writ." *Id.* § 29-21-107(b)(4). However, if a petitioner has sought habeas corpus relief previously, then the statute requires that "a copy of the [application] and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." *Id.*

In this case, the Petitioner's application for a writ of habeas corpus is his fourth one. However, he failed to attach a copy of his first and second applications. As such, absent "satisfactory reasons" for his failure to comply with the mandatory requirements of the statute, the Petitioner's latest application should be summarily denied. The Petitioner should be familiar with this statutory requirement, as it was the reason his third application for the writ was denied. *See White*, 2022 WL 17986538, at *2 ("[I]t is clear that Petitioner has filed two prior habeas petitions challenging the judgments for his rape convictions. Petitioner failed to attach copies of his prior petitions herein[,] and the habeas corpus court summarily dismissed the petition on this ground. We affirm the dismissal of the petition.").

To that end, the Petitioner asserts that he cannot attach copies of his first and second applications for the writ because they have been "lost and destroyed" over time. However, this Court has rejected the argument that a petitioner's failure to attach previous applications may be excused upon a bare assertion that the applications were lost, misplaced, or destroyed. *See, e.g.*, *Bailey v. State*, No. W2022-01405-CCA-R3-HC, 2023 WL 4106264, at *3 (Tenn. Crim. App. June 21, 2023) (declining to excuse noncompliance

3

on a claim that prior applications were "misplaced"), *perm. app. denied* (Tenn. Sept. 12, 2023); *Lowe v. State*, No. E2022-00285-CCA-R3-HC, 2022 WL 13899444, at \*4 (Tenn. Crim. App. Oct. 24, 2022) (declining to excuse noncompliance on a claim that prior applications were "lost"), *no perm. app. filed*; *Goines v. State*, No. E2004-03018-CCA-R3-HC, 2005 WL 1798635, at \*1 (Tenn. Crim. App. July 29, 2005) (declining to excuse noncompliance on a claim that prior applications were "lost"), *no perm. app. filed*.

Even if the Petitioner's personal copies of those documents have been lost, his application does not identify whether and to what extent he attempted to obtain copies of these documents from other sources. This omission is curious, if only because he represented in his last application that these missing documents do exist and are in the possession of the "[c]ourts," presumably meaning court clerks. To be clear, it is not the duty of this Court or the habeas corpus court to search the realm for the Petitioner's prior applications for the writ of habeas corpus. Instead, the statute places this burden squarely on the Petitioner alone. Because the Petitioner has failed to identify "satisfactory reasons" for his failure to comply with the mandatory requirements of the statute, we conclude that the habeas court properly dismissed the Petitioner's fourth application for the writ.

Moreover, the Petitioner has also failed to show that he is entitled to habeas corpus relief otherwise. Our supreme court has recognized that, "[u]nlike the federal writ of habeas corpus which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law." *Ritchie*, 20 S.W.3d at 630. As such, successful prosecution of the writ "has long been limited to showing that the original judgment of conviction *was void* due to a lack of jurisdiction by the convicting court or to showing that the sentence has expired." *Id.* (emphasis added). Stated another way, "the purpose of a habeas corpus petition is to contest *void* and not merely *voidable* judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (emphasis added).

Here, the Petitioner asserts that the trial court lacked jurisdiction because (1) the court clerk did not attest the original affidavit of complaint; (2) multiple charges were not supported by probable cause; (3) the grand jury considered charges not bound over for its review; and (4) his trial counsel rendered effective assistance. Any merit to these claims would, at best, render the challenged judgments merely voidable rather than void. As such, these claims are not recognized grounds upon which the writ of habeas corpus may issue. *See, e.g.*, *Taylor v. Fitz*, No. W2020-01294-CCA-R3-HC, 2021 WL 4077031, at \*2 (Tenn. Crim. App. Sept. 8, 2021) ("The Petitioner's contention that he was arrested on a defective affidavit of complaint and warrant, therefore, would render his judgment voidable, rather than void."), *perm. app. denied* (Tenn. Dec. 8, 2021); *Ghormley v. State*, No. M2019-01233-CCA-R3-HC, 2020 WL 2779855, at \*3 (Tenn. Crim. App. May 28, 2020) ("[E]ven assuming the Petitioner's claim was true, the sufficiency of the affidavit of complaint and resultant arrest warrant are foreclosed by the finding of an indictment. Accordingly, the

Petitioner is not entitled to [habeas corpus] relief." (citation, footnote, and internal quotation marks omitted)), *no perm. app. filed*; *Carpenter v. Ford*, No. W2017-01383-CCA-R3-HC, 2018 WL 2727951, at *2 (Tenn. Crim. App. June 6, 2018) ("[T]he Petitioner's claim that the grand jury lacked the authority to charge him fails to establish that his judgments are void or his sentences expired."), *no perm. app. filed*; *Moore v. State*, No. W2023-00798-CCA-R3-PC, 2023 WL 8535039, at *2 (Tenn. Crim. App. Dec. 11, 2023) ("[I]neffective assistance of counsel [claims] do not render a judgment void and, thus, are not cognizable in habeas corpus proceedings."). The Petitioner is not entitled to relief.

## CONCLUSION

In summary, we hold that the Petitioner failed to comply with mandatory statutory requirements for the issuance of a writ of habeas corpus. Despite this being the fourth application for the writ, he did not attach his prior applications or provide "satisfactory reasons" for his failure to comply with this requirement. Moreover, the Petitioner also failed to show that his convictions are void due to a lack of jurisdiction by the convicting court. Accordingly, we respectfully affirm the judgment of the habeas corpus court.

_____
TOM GREENHOLTZ, JUDGE