# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARVIN ANTHONY MATTHEWS v. TONY PARKER, WARDEN (STATE OF TENNESSEE)

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6231     Joseph H. Walker, III, Judge**

---

**No. W2008-01495-CCA-R3-HC  - Filed October 28, 2008**

---

The petitioner, Marvin Anthony Matthews, appeals the lower court's denial of his petition for writ of habeas corpus.  The state has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  We grant the state's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Marvin Anthony Matthews, Pro Se, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and Leslie E. Price, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On December 13, 1988, a jury found the petitioner guilty of grand larceny. *See Marvin Anthony Matthews v. State*, No. 16, 1990 WL 2862  (Tenn. Crim. App., at Jackson, Jan. 17, 1990), *perm. app. denied* (Tenn. May 14, 1990).  The jury further found the petitioner to be an habitual criminal offender under the provisions of the habitual criminal act (now repealed), and, as a result, the petitioner was sentenced to life imprisonment. *Id.*  The petitioner's conviction and sentence were affirmed on direct appeal. *See id.*  In 1991, the petitioner filed a habeas petition arguing *inter alia* that his verdict and sentence were not entered in compliance with Tennessee statute and the Mittimus Writ of Confinement was void. *See Marvin Anthony Matthews v. Charles C. Noles, Warden*, No. 02 C01-9206-CC-00140, 1993 WL 46546 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), *perm. app. denied* (Tenn. June 1, 1993).  The lower court found that the Mittimus Writ of Confinement was valid on its face, and that the petitioner was properly adjudged guilty and sentenced. *Id.*  This court affirmed the decision of the lower court. *Id.*  This court also noted that "[t]echnical violations related to the judgment forms and committal documents, even if they existed, would not render the

petitioner's confinement illegal as long as a valid conviction and resultant legal sentence were imposed." *Id*. at *2. Subsequently, the petitioner filed numerous petitions for post-conviction relief. In an opinion filed on February 24, 1993, this court reversed eight of the thirteen prior felony convictions used by the state to prove the petitioner's habitual criminal status. *See Marvin A. Matthews v. State*, No. 02C01-9204-CR-00091, 1993 WL 46525 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), *perm. app. denied* (Tenn. Jun. 3, 1993). However, in a different opinion, this court noted that the requisite number of qualifying convictions remained to satisfy the petitioner's classification as an habitual criminal. *See Marvin Matthews v. State*, No. W1999-00833-CCA-R3-PC, 2001 WL 394868 (Tenn. Crim. App., at Jackson, April, 17, 2001). This court also held that the petitioner's petition was barred by the statute of limitations. *Id*. Thereafter, the petitioner unsuccessfully sought further post-conviction relief. *See, e.g., Marvin Anthony Matthews v. State*, No. W2000-01893-CCA-R3-PC, 2002 WL 1482780 (Tenn. Crim. App., at Jackson, Feb. 8, 2002) (post-conviction petition barred by statute of limitations); *Marvin Anthony Matthews v. State*, No. W2003-02980-CCA-R3-PC, 2004 WL 1159585 (Tenn. Crim. App., at Jackson, May 21, 2004) (post-conviction petition barred by statute of limitations); *Marvin Anthony Matthews v. State*, No. W2007-00295-CCA-R3-PC, 2007 WL 4146262 (Tenn. Crim. App., at Jackson, Nov. 20, 2007) (post-conviction petition barred by statute of limitations).

The petitioner also repeatedly but unsuccessfully challenged his conviction and sentence via petition for writ of habeas corpus. *See, e.g., Marvin A. Matthews v. State*, No. 02C01-9206-CC-0014, 1993 WL 84558 (Tenn. Crim. App., at Jackson, Mar. 24, 1993) (noting that habitual criminal laws were constitutional and denying habeas corpus relief for failure to state cognizable claim). In one habeas petition, the petitioner alleged that his judgment of conviction for grand larceny was void because it was not entered on a uniform judgment document in violation of statute. *See Marvin Anthony Matthews v. David Mills, Warden*, No. W2004-02209-CCA-R3-HC, 2005 WL 578821 (Tenn. Crim. App., at Jackson, Mar. 11, 2005), *perm. app. denied* (Tenn. Oct. 24, 2005). The lower court summarily dismissed the petition and this court affirmed the dismissal by memorandum opinion. *Id*. In doing so, this court specifically noted that "the failure to utilize the uniform judgment document . . . would merely render a conviction voidable, not void." *Id*. In 2007, the petitioner again collaterally attacked his conviction and sentence via petition for writ of habeas corpus. *Marvin Anthony Matthews v. State*, No. W2007-00936-CCA-R3-HC, 2007 WL 4146253 (Tenn. Crim. App., at Jackson, Nov. 20, 2007). The petitioner alleged that the indictment underlying his grand larceny conviction and habitual criminal status was invalid because certain convictions had been set aside by the criminal appellate court. *Id*. The lower court summarily dismissed the petition and this court affirmed the dismissal by memorandum opinion. *Id*. In doing so, this court concluded that the indictment at issue properly vested the convicting court with jurisdiction and the petitioner's habitual criminal status had been previously determined to be valid. *Id*.

On May 30, 2008, the petitioner filed the instant petition for writ of habeas corpus. The lower court summarily dismissed the petition, finding the petition failed to demonstrate a right to relief. The petitioner appealed. In the instant appeal, the petitioner attempts once again to collaterally attack his conviction and sentence. Although his argument is convoluted, it appears that the petitioner asserts entitlement to habeas corpus relief because the judgment for the December 13,

1988 larceny conviction is not contained in his institutional file, only the Mittimus Writ Of Confinement, which is void. The petitioner also asserts that he pled guilty to the same larceny conviction and habitual criminal status in 1989, but that the conviction was filed under the same case number as 1988 larceny conviction and sentence, which was determined by a jury verdict. However, the petitioner includes no documentation whatsoever supporting this assertion.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated sections 29-21-101 *et seq*. codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

Upon review, we note that we have previously and repeatedly held that the Mittimus Writ of Confinement and "court's minute entry" showing the petitioner was convicted of grand larceny and sentenced as an habitual offender to life imprisonment constitutes a valid judgment of conviction. *See, e.g., Marvin Anthony Matthews*, No. W2007-00936-CCA-R3-HC, 2007 WL 4146253; *Marvin Anthony Matthews*, No. W2004-02209-CCA-R3-HC, 2005 WL 578821; *Marvin Anthony Matthews*, No. 02 C01-9206-CC-00140, 1993 WL 46546. Additionally, we have explained that "[t]echnical violations related to the judgment forms and committal documents, even if they existed, would not render the petitioner's confinement illegal as long as a valid conviction and resultant legal sentence were imposed." *Id*. at *2. Clearly, the petitioner has not demonstrated that his judgment is facially void or that his effective sentence has expired. As a result, the court's summary dismissal was proper.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the lower court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the lower court. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the state's motion is granted. The judgment of the lower court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

3

_____

J.C. McLIN, JUDGE