# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JOE CLARK MITCHELL v. JAMES FORTNER, WARDEN

**Direct Appeal from the Circuit Court for Maury County**
**No. 2311-12, 2314, 2316-18, 2320-22    Stella L. Hargrove, Judge**

---

**No. M2010-00269-CCA-R3-HC - Filed September 9, 2010**

---

The Petitioner, Joe Clark Mitchell, appeals from the dismissal of his petition for a writ of habeas corpus. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Joe Clark Mitchell, Pro Se, Only, Tennessee.

Robert E. Cooper, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

This is the Petitioner's fifth petition for habeas corpus relief. This Court set out the following factual and procedural history in the Petitioner's last habeas corpus appeal:

> In 1982, [the] Petitioner was indicted by the Maury County Grand Jury for two counts of aggravated sexual battery, two counts of aggravated kidnapping, two counts of armed robbery, two counts of aggravated assault, one count of first degree burglary and one count of

1

arson. In 1983, in a second indictment, Petitioner was indicted on two counts of aggravated rape arising out of the same incident. In 1986, [the] Petitioner was convicted by a jury of two counts of aggravated assault, two counts of armed robbery, two counts of aggravated kidnapping, one count of arson, one count of first degree burglary and two counts of aggravated rape. The trial court dismissed the aggravated sexual battery charges. All of [the] Petitioner's convictions arose out of one criminal spree in which he terrorized two women for a number of hours. *State v. Joe Clark Mitchell*, No. 87-152-III, 1988 WL 32362, at *1 (Tenn. Crim. App., at Nashville, Apr. 7, 1988), *perm. app. denied*, (Tenn. Jun. 27, 1988). The trial judge ordered [the] Petitioner's four life sentences for both counts of aggravated kidnapping and both counts of aggravated rape to run consecutively and all other sentences to run concurrently with the four life sentences.

On direct appeal, this Court summarized the facts leading up to [the] Petitioner's convictions as follows:

One of the victims testified that as she was leaving her friend' house, a man started towards her across the lawn. He hit her several times with a large stick, and he was armed with a gun and a hunting knife. He forced both women into the house, and used duct tape to tape their ankles, arms, mouths, and eyes. He stole their jewelry and ransacked the house. He used a knife to cut the clothes off the testifying witness and raped her. Then he set fire to the house. He carried both women to a car, drove around for several hours, stopping at one point to rape the witness one more time. He eventually abandoned the car and the women, and they were able to free themselves and walk for help.

*Joe Clark Mitchell*, 1988 WL 32362, at *1.

Following our review, this Court affirmed the trial court's judgments as to all counts except for Petitioner's conviction for aggravated rape under count two of indictment No. M2322. *Id*. We concluded that the evidence was insufficient to show that the second rape in the victim's car was accomplished with the use of either Petitioner's gun or his hunting knife. *Id*. However, the evidence was sufficient to sustain a conviction for simple rape as a lesser included offense of aggravated rape. *Id.* Accordingly, this Court reduced Petitioner's conviction for count two of indictment No. M2322 to rape and sentenced Petitioner as a Range II multiple offender to thirteen years

2

imprisonment. *Id*. We ordered Petitioner's sentence for rape to be served consecutively to Petitioner's remaining three life sentences, leaving Petitioner with an effective sentence of three consecutive life sentences plus thirteen years. *Id*.

Petitioner subsequently sought post-conviction relief. *See Joe Clark Mitchell v. State*, No. 01-C01-9007-CC-00158, 1991 WL 1351, at *1 (Tenn. Crim. App., at Nashville, Jan. 11, 1991), *perm. app. denied*, (Tenn. Apr. 15, 1991). This Court affirmed the summary dismissal of the petition for post-conviction relief, and the Tennessee Supreme Court subsequently denied permission to appeal. *Id*.

Petitioner has previously sought habeas corpus relief in state court. In his first petition for habeas corpus relief, Petitioner claimed that the indictments issued against him were fatally defective and that this Court's reduction of one of his aggravated rape convictions to simple rape on direct appeal violated the constitutional prohibition against double jeopardy. *See Joe Clark Mitchell v. State*, No. M2002-02011-CCA-R3-CO, 2003 WL 22243287, at *1 (Tenn. Crim. App., at Nashville, Sept. 30, 2003), *perm. app. denied*, (Tenn. Dec. 29, 2003). As to the aggravated rape conviction, Petitioner argued that because the jury convicted him of the greater charge of aggravated rape, the jury acquitted him of all lesser included offenses and that when this Court found the evidence insufficient to support the conviction for aggravated rape on appeal, it did not have jurisdiction to reduce his sentence to simple rape. *Id*. at *2. This Court affirmed the dismissal of the petition for habeas corpus relief, determining that the indictments provided Petitioner with adequate notice of the charges against him and that his dubious claim regarding the reduction of the aggravated rape conviction would at most render his conviction voidable rather than void. *Id*. at *3-4.

In May of 2003, Petitioner filed a Motion to Correct Illegal Sentence alleging, among other things, that his sentence was illegal because the trial court was obligated to order Petitioner to serve all of his sentences consecutively to each other as the offenses were committed while he was out on bail and/or probation. *See Joe Clark Mitchell v. State*, No. M2005-00229-CCA-R3-CO, 2005 WL 3115858, at *1 (Tenn. Crim. App., at Nashville, Nov. 21, 2005). Subsequently, Petitioner filed a pro se Motion to Dismiss and Expunge the Record, asserting claims similar to those previously raised in his habeas corpus petition. For example, Petitioner again argued that this Court was without jurisdiction to reduce his aggravated rape conviction

3

to simple rape. The trial court summarily denied the motion and ordered Petitioner to pay the court costs associated with the filing of the motion. *Id*. This Court affirmed the trial court's ruling pursuant to Rule 20 of the Court of Criminal Appeals, noting that Petitioner's issues had already been addressed in his first habeas corpus petition. *Id*. at *3.

On July 19, 2006, Petitioner filed a second petition for habeas corpus relief. The petition spans nearly twenty-six pages, throughout which Petitioner argues that: (1) the judgments of the trial court and appellate court are in conflict with one another and void; (2) the sentences that were imposed as a result of the "rape/arson incident" were imposed in direct violation of Tennessee law and void because Petitioner was out on bail when he allegedly committed the crimes and, therefore, all sentences should have run consecutively to each other; (3) he was sentenced in violation of Tennessee law because he was not sentenced on each conviction "after the first;" and (4) all of his convictions have been running concurrently with each other because they were "not legally ordered to be served consecutive." The trial court summarily dismissed the petition for habeas corpus relief.

On September 19, 2006, Petitioner filed both a Notice of Appeal in the Tennessee Court of Appeals and a Motion to Amend or Find Additional Facts. The Court of Appeals, in an order entered October 16, 2006, determined that the trial court retained jurisdiction to consider Petitioner's post-judgment motion and that the notice of appeal should "be treated as filed after the entry of the order disposing of the post-judgment motion." On October 31, 2006, the Court of Appeals transferred the case to this Court because it was a habeas corpus proceeding. On December 5, 2006, the trial court entered an order denying Petitioner's Motion to Amend or Find Additional Facts. *Joe Clark Mitchell v. State*, No. M2006-02023-CCA-R3-HC, 2008 WL 203649, at *1-3 (Tenn. Crim. App., at Nashville, Jan. 24, 2008). On appeal, this Court affirmed the trial court's summary dismissal based upon procedural grounds for not attaching prior writs and not attaching documentation to show he was on bail at the time he committed the offenses in question. *Id*. at *5.

On April 17, 2008, Petitioner filed what he stated was his fourth petition for writ of habeas corpus. In this petition, he argued that his sentences were illegal with regard to his convictions for the terrorization of the two women because they were not ordered to be served consecutively to sentences stemming from two previous convictions for which he was out on bail at the time he committed the offenses in question.

4

*Joe Clark Mitchell v State*, M2008-01315-CCA-R3-HC, 2009 WL 1138127, at *1-3 (Tenn. Crim. App., at Nashville, April 28, 2009), *perm. app. denied* (Tenn. Sept. 28, 2009).

The habeas corpus court dismissed the Petitioner's petition relying on Rule 32(c)(3) of the Rules of Criminal Procedure, which requires that sentences for offenses committed by a defendant while on bail for another offense must run consecutively if the judgment is silent as to their alignment. This Court affirmed the trial court's ruling pursuant to Rule 20 of the Court of Criminal Appeals, concluding that, because a judgment's silence as to consecutive sentencing does not make the judgment void on its face, the Petitioner's challenge was not a proper basis for habeas corpus relief. *Id.*

The Petitioner then filed the present petition on December 16, 2009. The petition asserts that various sentencing errors warrant post-conviction relief. On January 11, 2010, the habeas corpus court dismissed the petition for failure to state a claim upon which relief may be granted. The habeas corpus court also noted that this was the fifth petition regarding the same subject matter. It is from this judgment that the Petitioner now appeals.

The grounds upon which a writ of habeas corpus may be issued are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE

5