# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## CHARLES MONTAGUE v. CHERRY LINDAMOOD, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 14858     Stella L. Hargrove, Judge**

---

**No. M2010-01653-CCA-R3-HC - Filed December 1, 2010**

---

The Petitioner, Charles Montague, appeals from the dismissal of his petition for a writ of habeas corpus. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ, joined.

Charles Montague, Pro Se, Clifton, Tennessee.

Robert E. Cooper, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

This Court set out the following factual and procedural history in the Petitioner's last habeas corpus appeal:

> The record reflects that the petitioner was convicted of possession of cocaine for resale, possession of marijuana, and

possession of drug paraphernalia after a 1990 jury trial in the Johnson County Criminal Court. However, this court reversed the convictions on appeal and remanded the cases for retrial. *State v. Charles Montague*, 03C01-9105-CR-134, 1991 WL 236724 (Tenn. Crim. App., Nov. 15, 1991). During the pendency of the retrial for the drug offenses, the petitioner was convicted of first degree murder and sentenced to life imprisonment; this court affirmed the conviction and sentence on appeal. *State v. Charles Montague*, No. 03C01-9306-CR-00192, 1994 WL 652186 (Tenn. Crim. App. Nov. 21, 1994), *perm. app. denied* (Tenn. Apr. 10, 1995). Upon retrial in 1993 for the drug offenses, the defendant was once again convicted of possession of cocaine for resale, possession of marijuana, and possession of drug paraphernalia. The trial court sentenced the defendant to six years for the cocaine offense and eleven months and twenty-nine days for the misdemeanor offenses. The trial court further ordered all sentences to be served consecutively to one another and consecutively to the life sentence previously imposed for the first degree murder conviction. This court affirmed the judgments of the trial court in the drug cases. *State v. Charles Montague*, 03C01-9406-CR-00233, 1995 WL 509426 (Tenn. Crim. App. Aug. 29, 1995), *perm. app. denied* (Tenn. Dec. 28, 1995). The petitioner unsuccessfully sought post-conviction relief from the drug convictions, the denial of which was affirmed by this court. *Charles Montague v. State*, E2003-01330-CCA-R3-PC, 2001 WL 1011464 (Tenn. Crim. App. Sept. 4, 2001).

In February 2002, the petitioner filed this petition for a writ of habeas corpus challenging the drug convictions. The petition alleges that the convictions are based upon insufficient evidence and that a fatal variance exists between the proof and the indictment. Additionally, the petition alleges that the sentences of six years and eleven months and twenty-nine days have expired. The state filed a motion to dismiss the petition because the challenged sentences were imposed consecutively to the previously imposed sentence of life imprisonment; therefore, the petitioner had not begun to serve the sentences and could not allege they had expired. The trial court agreed and summarily dismissed the petition.

*Charles Montague v. Howard Carlton*, No. E2007-02823-CCA-R3-HC (Tenn. Crim. App.

Sept. 11, 2008 (no Westlaw citation available).

2

Upon this Court's review, it affirmed the summary dismissal of the Petitioner's habeas corpus claim concluding that, even though the trial court was incorrect as to the expiration of the sentences, the Petitioner's allegations lacked any merit warranting habeas corpus relief. *Id.* Specifically, this court found that the Petitioner's complaint that he had not received pretrial credits, variances in the indictment, and that the sentences had expired lacked merit.

The Petitioner then filed the present petition on April 8, 2010. The petition asserts that the Petitioner's judgments are void because: (1)they do not include pretrial jail credits, (2) the sentences have expired, (3) there are fatal variances in the indictment, and (4) the trial court imposed a fine in excess of the statutory maximum. On May 28, 2010, the habeas corpus court dismissed the petition for failure to state a claim upon which relief may be granted. It is from this judgment that the Petitioner now appeals.

The grounds upon which a writ of habeas corpus may be issued are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The petitioner

3

has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Three of the Petitioner's claims have already been determined to be without merit in this Court's response to the Petitioner's previous petition for habeas corpus relief. *See Charles Montagne v. Howard Carlton*, No. E2007-02823-CCA-R3-HC (Tenn. Crim. App. Sept. 11, 2008) (no Westlaw citation available). The Defendant's final claim is that the trial court imposed an illegal fine. The writ of habeas corpus is available to any person who is illegally "imprisoned or restrained of liberty." Tenn.Code Ann. § 29-21-101 (2009). "The assessment of a fine upon a defendant does not constitute imprisonment or restraint within the meaning of those terms. Moreover, the issue of a fine has no application to the question of whether the trial court was without jurisdiction to sentence the defendant or that the defendant's sentence has expired." *Burrell v. Carlton*, No. E2004-01700-CCA-R3-HC, 2005 WL 544732 at * (Tenn. Crim. App. March 8, 2005) *perm. app. denied* (Tenn. June 20, 2005).

Thus, the Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE

5