IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2011

**ANDREW HELTON v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Hickman County**
**No. 10-CV-5032     Jeffrey Bivins, Judge**

---

**No. M2010-02449-CCA-R3-HC - Filed May 31, 2011**

---

The petitioner, Andrew Helton, appeals the habeas corpus court's order summarily dismissing his pro se petition for writ of habeas corpus. Following our review of the record, the parties' briefs, and applicable law, we affirm the court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Andrew Helton, Pro Se, Only, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Kim R. Helper, District Attorney General; and Deshea Dulany Faughn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Background**

A grand jury indicted the petitioner, Andrew Helton, for two counts of premeditated murder and two counts of felony murder for the shooting deaths of Robert Cole and Michael Chatman. The jury convicted him of first degree murder for the death of Robert Cole and of second degree murder for the death of Michael Chatman. The trial court sentenced the defendant to mandatory life imprisonment for the first degree murder conviction and twenty-three years imprisonment for the second degree murder conviction. This court affirmed the petitioner's convictions on direct appeal. *See State v. Andrew Charles Helton*, No. M1999-01405-CCA-R3-CD, 2000 WL 1520018, at *1 (Tenn. Crim. App., at Nashville, Oct. 13, 2000). The petitioner filed a petition for post-conviction relief alleging prosecutorial

misconduct and ineffective assistance of counsel at trial. The post-conviction court denied relief, and this court affirmed the judgment of the post-conviction court. *See Andrew Charles Helton v. State*, No. M2004-01015-CCA-R3-PC, 2005 WL 1303123, at *1 (Tenn. Crim. App., at Nashville, May 31, 2005).

On July 16, 2010, the petitioner filed a petition for habeas corpus relief challenging his convictions. In his petition, the petitioner argued that "[t]he trial court committed reversible error by violati[ng] rule 30.01 of the Tennessee Rules of Criminal Procedure when it prohibited the jury from taking an exhibit into the jury room that had been received into evidence" violating his right to due process. The petitioner further argued that because the trial court violated his right to due process, it lost jurisdiction over his case rendering its judgment of conviction void. In response, the state filed a motion to dismiss the petitioner's habeas corpus petition. On September 7, 2010, the Hickman County Circuit Court granted the state's motion and summarily dismissed the petition for writ of habeas corpus. The petitioner appeals the habeas court's summary dismissal.

**Analysis**

On appeal, the petitioner argues that (1) the trial court did not have jurisdiction over his case because it denied him due process and committed reversible error; (2) allegations of denial of due process and reversible error are cognizable claims under a petition for habeas corpus relief; (3) the court erred by summarily dismissing the petition without stating specific grounds; and (4) the state filed an insufficient return. In its response, the state argues that the judgments at issue are not void on their face, the petitioner's sentence has not expired, and the petitioner has failed to assert a colorable claim for habeas corpus relief. In reply, the petitioner argues that he has alleged a colorable claim for habeas corpus relief.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101, et seq., codifies the applicable procedures for seeking a writ. The grounds upon which a writ of habeas corpus may be issued are very narrow. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A writ of habeas corpus is available only when it appears on the face of the judgment or in the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992).

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment;

whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a habeas court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The habeas court summarily dismissed the petitioner's petition for writ of habeas corpus finding that the state's motion to dismiss, which argued that the petitioner was not entitled to relief because he failed to show that his judgments were void or that his sentence had expired, was well-taken.

The petitioner first argues that during his trial, the court violated Rule 30.1 of the Tennessee Rules of Criminal Procedure by failing to allow the jury to hear an audiotape during deliberations. Because this argument is closely intertwined with his second argument that allegations of denial of due process and reversible error are cognizable claims under a petition for habeas corpus relief, we will address them together. The petitioner contends that by not following Rule 30.1 the trial court committed reversible error and "lost jurisdiction . . . thereby denying his due process of law [and] making his sentence void."

The petitioner's claims challenging his convictions do not, even if proven, render the convictions void. To support his claim that trial counsel committed reversible error and lost jurisdiction, the petitioner attached trial counsel's testimony from his post-conviction hearing concerning his decision to request that the judge not allow the jury to rehear the tape. We note that the record on appeal does not contain the original trial record. The petitioner's claim that the trial court erroneously excluded evidence at trial does not appear on the face of the judgment or in the original trial record and does not disturb the presumption of regularity, although the claim is sounded in a violation of due process. *See Taylor v. State*, 995 S.W.2d at 83.

Moreover, the Tennessee Supreme Court has rejected due process arguments as a ground for habeas relief. Our supreme court has stated:

Unlike the federal writ of habeas corpus which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law. Rather, the writ of habeas corpus will issue in Tennessee "only when it appears upon the face of the judgment or the record of the proceedings upon which the

judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired."

*State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn.1993)).  Thus, the petitioner is not entitled to relief on this issue.

The petitioner's next arguments are that the trial court failed to state specific grounds for summarily dismissing the petition and that the state did not file a sufficient return.  The petitioner asserts that "given that the court decided to summarily dismiss [his] petition, it should have set forth specific reason for granting dismissal, in the instant case, simply stating the State's motion to dismiss (which did not address the appellant's allegations) [was] 'well taken' was not sufficient."  Initially we note that the petitioner has not cited any statutory or case law to support his claim that the trial court should have set forth its specific reasons for summarily dismissing his claim.  Thus, this issue is waived as the petitioner has failed to cite authority to support his argument.  *See* Tenn. Ct. Crim. App. R. 10(b); Tenn. R. App. P. 27(a)(7).  Furthermore, the petitioner's claim that the state's motion to dismiss only contended that he failed to state a claim upon which relief could be granted is simply incorrect.  In support of the motion to dismiss, the state filed memorandum of law that addressed the petitioner's arguments that the trial court lacked jurisdiction and violated his right to due process rendering its judgment void and cited relevant authority for its argument.  Because the petitioner did not state a cognizable claim for habeas corpus relief, summary dismissal by the habeas court was proper.  We conclude that the petitioner's issues are without merit, and the petitioner is not entitled to relief.

## Conclusion

Based on the foregoing, we affirm the judgment of the habeas court.

_____
J.C. McLIN, JUDGE