IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2014

## ROBERT JASON BURGESS v. STANTON HEIDLE, WARDEN

**Appeal from the Circuit Court for Marshall County**
**No. 2013-CV-62   Forest A. Durard, Judge**

_____

### No. M2013-02745-CCA-R3-HC - Filed June 30, 2014

_____

Petitioner, Robert Jason Burgess, pled guilty to two counts of the sale of a controlled substance and two counts of rape in Marshall County. As a result, he was sentenced to an effective sentence of twenty-six years. After the denial of post-conviction relief, Petitioner sought habeas corpus relief in which he argued that his guilty plea was unknowingly or involuntarily entered because he was not informed that his sentence carried a community supervision for life provision. After a review of the record and applicable authorities, we affirm the judgment of the habeas corpus court which dismissed the petition for relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Debbie Zimmerle, Lewisburg, Tennessee, for the petitioner, Robert Jason Burgess.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Robert Carter, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the respondent, State of Tennessee.

### OPINION

*Factual Background*

Petitioner was indicted in June of 2010 by the Marshall County Grand Jury in indictment number 10-CR-74 with eight felony drug offenses and two misdemeanor drug offenses. He was charged in indictment number 10-CR-76 with thirteen felony sexual

offenses. He was represented by a retained attorney in the sexual offenses case and by the public defender's office in the drug case. In a settlement agreement that disposed of all the charges, he pled guilty on November 17, 2010, to two counts of rape, a Class B felony, and two counts of sale of a Schedule III controlled substance, a Class D felony. *See* T.C.A. §§ 39-13-503, 39-17-417(a)(3). Petitioner received ten-year sentences for each of the rape convictions and three-year sentences for each of the drug convictions, all to be served consecutively, for an effective twenty-six-year sentence.

Petitioner then sought post-conviction relief, arguing that he received ineffective assistance of counsel. *Robert Jason Burgess v. State*, No. M2011-01324-CCA-R3-PC, 2012 WL 3090832, at *1 (Tenn. Crim. App., at Nashville, Jul. 31, 2012), *perm. app. denied*, (Nov. 20, 2012). The Marshall County Circuit Court denied post-conviction relief. On appeal, Petitioner argued that he did not receive the effective assistance of counsel and that the trial court erred in treating letters that he wrote to the court as a petition for post-conviction relief. This Court affirmed the denial of post-conviction relief on appeal. *Id.* at *13.

In August of 2013, Petitioner filed a petition for habeas corpus relief and, later, an amended petition. Petitioner alleged that he did not knowingly enter his guilty pleas because he was not informed that his sentence carried a provision for community supervision for life.

The habeas corpus court held a hearing, in which it heard testimony from Petitioner as well as the two attorneys who represented him during the entry of the plea agreements on the drug and rape charges. Both attorneys testified that Petitioner was advised of the community supervision for life provision with respect to his guilty plea on the rape charges.

At the conclusion of the hearing, the habeas corpus court determined that the box for community supervision for life was checked on the judgment forms corresponding to Petitioner's convictions. As a result, the judgments were not facially void. Additionally, the habeas corpus court accredited the testimony of both attorneys that Petitioner was informed about the community supervision provision prior to pleading guilty. Lastly, the habeas corpus court determined that it was "rather implausible" that Petitioner did not receive copies of the judgment forms until after his post-conviction proceeding had concluded and that Petitioner could have addressed this issue in his post-conviction petition. As a result, the habeas corpus court determined that Petitioner failed to meet his burden to show by a preponderance of the evidence that his sentences are void.

## *ANALYSIS*

On appeal, Petitioner insists that the habeas corpus court improperly dismissed his petition for relief. Specifically, Petitioner alleges that he did not knowingly enter his guilty

plea because he was not informed that his sentences for rape carried a community supervision for life provision. The State disagrees.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 995 S.W.2d at 83).

In Tennessee, the imposition of community supervision for life is required by statute in addition to the punishment received for the commission of certain sexual offenses. *See* T.C.A. § 39-13-524. Our supreme court has stated that a "defendant must be apprised of the sentence that he will be forced to serve as a result of his guilty plea and conviction." *Blankenship v. State*, 858 S.W.2d 897, 905 (Tenn. 1993). "[L]ifetime community supervision is a direct and punitive consequence of which a defendant must be informed in order to enter a knowing and voluntary guilty plea." *Ward v. State*, 315 S.W.3d 461, 475 (Tenn. 2010). Counsel's "failure to advise his or her client about the mandatory lifetime community supervision sentence . . . is deficient performance." *Calvert v. State,* 342 S.W.3d 477, 490 (Tenn. 2011). However, even if we assume deficient performance on the part of trial counsel, that would render the judgment merely voidable rather than void.

Petitioner has failed to show that he is entitled to habeas corpus relief because his judgment is void or his sentence has expired. As noted by the habeas corpus court, the box for community supervision was checked on Petitioner's rape conviction judgment forms. The testimony of both attorneys that represented Petitioner at the plea hearings reflected that Petitioner was made aware of the provision. The habeas corpus court accredited the testimony of counsel. Moreover, the habeas corpus court noted that Petitioner most likely

had access to the judgment forms prior to filing his petition for post-conviction relief and could have presented the issue at that time.  He failed to do so.  Petitioner has not shown by a preponderance of the evidence that he was not aware of the provision when he signed the judgment forms.  Petitioner is not entitled to relief.

*CONCLUSION*

For the foregoing reasons, we affirm the judgment of the habeas corpus court.


_____
JERRY L. SMITH, JUDGE