IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2015

**STATE OF TENNESSEE v. ALBERT TAYLOR**

**Appeal from the Criminal Court for Shelby County
Nos. 91-06144 & 91-07912     James M. Lammey, Jr., Judge**

**No. W2014-02446-CCA-R3-CD  -  Filed October 13, 2015**

The Appellant, Albert Taylor, appeals as of right from the Shelby County Criminal Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence.  On appeal, the Appellant argues that the trial court erred (1) by determining that, because his sentences had expired, he was not entitled to a motion hearing and (2) by treating his motion as a petition for habeas corpus relief.  The State concedes that the trial court erred.  Following our review, we reverse the judgment of the trial court and remand the case for further proceedings consistent with Rule 36.1 and this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court
Reversed; Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined.  ROBERT L. HOLLOWAY, JR., J., filed a separate concurring opinion.

Albert Taylor, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Jessica Banti, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

On July 3, 2014, pursuant to Tennessee Rule of Criminal Procedure 36.1, the Appellant filed a motion to correct an illegal sentence that allegedly resulted from his

guilty-pleaded convictions in case numbers 91-06144 and 91-07912.[1]   In case number 91-06144, a Shelby County grand jury returned a three-count indictment against the Defendant on June 20, 1991, charging him with the sale of cocaine, possession of cocaine with the intent to sell, and possession of cocaine with the intent to deliver (offense date March 20, 1991 on all counts).  On August 13, 1991, the Defendant was charged with aggravated burglary in case number 91-07912 (offense date May 1, 1991).   The Defendant entered guilty pleas in both cases on January 14, 1991.

He pled guilty in case number 91-06144 to sale of cocaine, and the remaining counts were dismissed.  Pursuant to the agreement, he was sentenced as an especially mitigated offender to 7.2 years at 20% for this conviction.  In case number 91-07912, he pled guilty as a Range I, standard offender to aggravated burglary and received a three-year sentence at 30%.  These two sentences ran concurrently with one another under the terms of the agreement.  Furthermore, it appears from the judgment forms that his probation for this effective 7.2-year sentence was revoked on August 26, 1996.

According to the Appellant's Rule 36.1 motion, he committed the offense in case number 91-07912 while he was on bond for the offenses in case number 91-06144 and subsequently pled guilty in both cases.  The Appellant alleged that the concurrent sentences in those cases were illegal, being in violation of Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), which provide for mandatory consecutive sentences when a defendant commits an offense while released on bail.  The State filed a response, agreeing that the Appellant made a colorable claim and was entitled to a hearing and counsel under Tennessee Rule of Criminal Procedure 36.1, and citing to Cumecus R. Cates v. State, No. E2014-00011-CCA-R3-CD, 2014 WL 4104556 (Tenn. Crim. App. Aug. 20, 2014), in support of this assertion.

On November 6, 2014, the trial court entered a written order denying the Appellant's motion.  First, the trial court distinguished the Cates case cited by the State in its response by pointing out that "Cates was still serving an alleged illegal sentence" but that the Appellant's "sentence would have expired in 1999."  The trial court also quoted the following language from Cates:

We emphasize that the purpose of this new Rule is to provide an

---

[1]   Case numbers 00-126251 and 00-135116 were also cited and mentioned in the Appellant's motion. However, all that the Appellant did was "mention" them as "illegal sentences which came after serving time for the first two convictions" (i.e., cases 91-06144 and 91-07912).  The Appellant simply asked the trial court to "pleas[e] look into" those cases further, but these cases were not addressed in any way by the trial court's order denying the Appellant's motion.  The Appellant did not include these two case numbers in his notice of appeal and does not raise any issue in this regard in his appellate brief.  Accordingly, any issue about these two cases has been waived on appeal.  See Tenn. R. App. P. 27(a)(7)(A); see also Tenn. Ct. Crim. App. R. 10(b).

avenue for correcting allegedly illegal sentences. The Rule does not provide an avenue for seeking the reversal of convictions. See Cantrell v. Easterling, 346 S.W.3d 445, 455-56 (Tenn. 2011) (recognizing that convictions and sentences are distinct aspects of a judgment order) (citations omitted).

2014 WL 4104556, at *2 (emphasis added). The trial court continued to discuss how the purpose of the Rule applied to the Appellant's case:

> Upon reading the MOTION TO CORRECT AN ILLEGAL SENTENCE filed by [the Appellant] it is evident the intent of the [Appellant] is to reverse said conviction and not to correct an illegal sentence. The [Appellant] is trying to resurrect old convictions long since expired by utilizing a Rule designed to offer relief to those presently serving time and who are presently being deprived of their liberty due to a possible illegality. If [the Appellant's] allegations are true, he has received a tremendous windfall by being allowed to plead to multiple offenses at a fraction of what he would have been facing had he been sentenced consecutively only to use said generosity now to have his cases reversed. Allowing [the Appellant to] use this new Rule to set aside those convictions now, years after the sentence has expired, would be a grave injustice and contrary to the purpose of said Rule.

The trial court then examined additional reasons to deny the Appellant's motion:

> Considering that the General Assembly amended the [h]abeas [c]orpus statute, T[ennessee] C[ode] A[nnotated] [section] 29-21-101(b)(1), to remove relief from persons who "received concurrent sentencing where there was a statutory requirement for consecutive sentencing" this [c]ourt finds that Rule 36.1 does not undo that change, rendering T[ennessee] C[ode] A[nnotated] [section] 29-21-101(b)(1) superfluous, and open[ing] all these cases to attack, but instead only applies to persons presently serving a possible illegal sentence not yet expired. To use this new Rule to circumvent a statute specifically enacted to address these exact situations may also be a violation of separation of powers.

> The Rule states that "either the defendant or the State" may seek to correct an illegal sentence. Since the cases have expired there is no longer a defendant present to seek relief. A defendant for purposes of Rule 36.1 is someone who is presently facing or serving time in Tennessee for a crime. The Tennessee [C]ode defines a defendant as: "Defendant"—means a person accused . . . of an offense under this title and includes any person

who aids or abets the commission of such offense. T[enn.] C[ode] A[nn.] § 39-11-106(7) (emphasis added).

The [Appellant] was a defendant on the above listed indictments back in 1992. Assuming he served one hundred percent of his 7.2[-]year sentence, he ceased being a defendant for purposes of Rule 36.1 in 1999. [The Appellant] no longer stands "accused" (present tense) of any crime in the courts of the State of Tennessee. [The Appellant] is no more a defendant than someone who was convicted of shoplifting in the summer of 1969.

The fact that the prior conviction may have been used to enhance punishment in another jurisdiction does not resurrect the earlier cases.[2] At some point this [c]ourt loses jurisdiction to handle a case under Rule 36.1. Fifteen years after the sentence expires would place this case outside the jurisdiction of the [c]ourt.

In conclusion, the trial court stated,

Because the [Appellant] is no longer a [d]efendant as defined under Tennessee law there is no need to look further into whether or not he has made a colorable claim for relief. Furthermore, since [the Appellant's] intent is to reverse an expired sentence rather than correct an illegal sentence, a colorable claim cannot be seriously entertained.

## ANALYSIS

It is from this ruling that the Appellant now appeals, contending that the trial court erred in summarily denying his motion. Specifically, he argues that his motion stated a colorable claim of an illegal sentence and that he should have been appointed counsel and given a hearing on the motion and, furthermore, that the trial court erred by treating his motion as a petition for habeas corpus relief. The State concedes that the trial court erred in summarily denying the motion and agrees that a remand for a hearing and the appointment of counsel is necessary pursuant to the Rule.

The Tennessee Rules of Criminal Procedure were amended effective July 1, 2013, with the addition of Rule 36.1, which provides as follows:

---

[2] The Appellant is currently in federal custody.

(a) Either the defendant or the state may, <u>at any time</u>, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered.  For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party.  <u>If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant.</u>  The adverse party shall have thirty days within which to file a written response to the motion, <u>after which the court shall hold a hearing on the motion</u>, unless all parties waive the hearing.

(Emphases added).

Prior to the adoption of this Rule, Tennessee recognized "two distinct procedural avenues . . . to collaterally attack a final judgment in a criminal case—habeas corpus and post-conviction petitions."  <u>Hickman v. State</u>, 153 S.W.3d 16, 19 (Tenn. 2004) (citing <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn. 1999); <u>Potts v. State</u>, 833 S.W.2d 60, 62 (Tenn. 1992)).  Both habeas corpus and post-conviction relief are limited in their scope and application.  For example, habeas corpus review is restricted to "the face of the judgment or the record of the proceedings upon which the judgment is rendered," <u>State v. Galloway</u>, 45 Tenn. 326, 337 (1868); may only be used to attack a void judgment; and is only available to a "person imprisoned or restrained of liberty."  Tenn. Code Ann. § 29-21-101(a).  Post-conviction relief petitions are available to attack void and voidable judgments but must be filed within one year from the date the action accrues.  Tenn. Code Ann. § 40-30-102(a).

Now, a Rule 36.1 motion provides defendants with a remedy separate and distinct from habeas corpus or post-conviction proceedings.  <u>See</u> <u>State v. Jonathan T. Deal</u>, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014).  "On its face, Rule 36.1 does not limit the time within which a person seeking relief must file a motion, nor does it require the person seeking relief to be restrained of liberty."  <u>State v. Donald Terrell</u>, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. Dec. 8, 2014).  The Rule is also more lenient in that it only requires a claimant to state a colorable claim and does not require proof on the face of the record from supporting documents.  <u>See</u> <u>George William Brady v. State</u>, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation

-5-

from the underlying record to support his claim."), perm. app. denied (Tenn. May 28, 2014). As such, a Rule 36.1 motion should only be summarily denied where the motion fails to state a colorable claim for relief. See State v. Robert B. Ledford, No. E2014-01010-CCA-R3-CD, 2015 WL 757807, at *2 (Tenn. Crim. App. Feb. 23, 2015), perm. app. filed (Tenn. Apr. 22, 2015). This court has defined a colorable claim as a claim "that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief[.]" State v. David Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014) (quoting Tenn. Sup. Ct. R. 28, § 2(H)) (alterations in original) (footnote and additional citation omitted).

Here, the trial court summarily denied the Appellant's motion, stating that the Appellant's sentences would have expired in 1999, fifteen years prior to the filing of the motion, and that the trial court, therefore, did not have jurisdiction to address any illegal sentence. The trial court opined that Rule 36.1 did not apply to expired sentences. The trial court reasoned that, because the Appellant's sentences were expired, he was "no longer a defendant" and that, pursuant to Rule 36.1, only "the defendant or the State" may seek to correct an illegal sentence. The trial court also stated that the general assembly had removed relief from persons who had received concurrent sentencing when a statute mandated consecutive sentencing, see Tennessee Code Annotated section 29-21-101(b)(1), and that the intent of Rule 36.1 was not to "undo that change" and "open all these cases to attack."

The trial court's denial of relief because the Appellant's sentences have expired is essentially a finding that the Appellant's claim is moot. The concept of mootness deals with the circumstances that render a case no longer justiciable. McIntyre v. Traughber, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). "A moot case is one that has lost its character as a present, live controversy." Id. "A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party." Id. The State agrees that the trial court summarily denied the motion based upon the doctrine of mootness and concedes that proceedings under Rule 36.1 are not rendered moot by the expiration of a sentence.

Since its enactment, Rule 36.1 motions claiming that a sentence is illegal because a mandatory consecutive sentence was ordered to be served concurrently have consistently been found to state a "colorable claim" and have been remanded to the trial court for hearing, usually with a concession from the State. See State v. Sean Blake, No. W2014-00856-CCA-R3-CO, 2015 WL 112801 (Tenn. Crim. App. Jan. 8, 2015); State v. Jerome Wall, No. W2014-00782-CCA-R3-CO, 2014 WL 7332113 (Tenn. Crim. App. Dec. 23, 2014); Terrell, 2014 WL 6883706; State v. Omar Robinson, No. E2014-00393-CCA-R3-CD, 2014 WL 53932401 (Tenn. Crim. App. Oct. 22, 2014); Deal, 2014 WL 2802910; David Frazier v. State, No. E2013-02563-CCA-R3-CD, 2014 WL 2743243

(Tenn. Crim. App. June 16, 2014); Cates, 2014 WL 4104556; Morrow, 2014 WL 3954071; Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450 (Tenn. Crim. App. Mar. 7, 2014). However, along these lines, we acknowledge that several recent cases from this court have held that the mootness doctrine may render a claim based on an expired sentence non-justiciable, notwithstanding the permissive scope of Rule 36.1. See State v. John Talley, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257, at *3 (Tenn. Crim. App. Dec. 26, 2014); State v. James D. Wooden, No. E2014-01069-CCA-R3-CD, 2014 WL 7366984, at *2 (Tenn. Crim. App. Dec. 26, 2014), perm. app. granted (Tenn. May 15, 2015); State v. Adrian R. Brown, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *6 (Tenn. Crim. App. Oct. 29, 2014), perm. app. granted (Tenn. May 15, 2015).

Nonetheless, it is our view that the trial court erred in finding that it was without jurisdiction to handle the Appellant's proceeding under Rule 36.1, and we determine that the concurring in results only opinion in Talley is the correct view of the law. See Marcus Deangelo Lee v. State, No. W2014-00994-CCA-R3-CD, 2015 WL 2330063, at *3 (Tenn. Crim. App. May 13, 2015). In his concurring in results only opinion in Talley, Presiding Judge Woodall explained,

> Rule 36.1 was promulgated and adopted by the Tennessee Supreme Court in an order filed December 18, 2012, and Rule 36.1 was subsequently "ratified and approved [by the Tennessee General Assembly] by House Resolution 33 and Senate Resolution 11." Compiler's Notes, Tenn. R. Crim. P. 36.1. This rule, authored by our supreme court and ratified and approved by the Tennessee General Assembly, begins with the following clear and unambiguous words:
>
>> Either the defendant or the state may, at any time, seek correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered.
>
> Tenn. R. Crim. P. 36.1(a) (emphasis added).
>
> To me "at any time" means what it says, whether before or after sentences have been fully served. If our supreme court had intended for Rule 36.1 relief to not be available when the challenged sentences have been fully served, that specification would have been clearly stated. If the General Assembly had desired the restriction in the rule, one or both houses of the General Assembly would have refused to ratify and approve Rule 36.1 as it is written.

It is my respectful opinion that even if (1) I disagree with some or all of Rule 36.1's provisions, and (2) I believe the consequences of the rule can ultimately and unfairly lead to trial courts in Tennessee vacating decades' old convictions, as a judge on an intermediate appellate court I must apply the plain meaning of Rule 36.1. Accordingly, I respectfully concur only to the extent the judgment is reversed and the case is remanded for proceedings in accordance with my understanding of the wording in Rule 36.1.

Talley, 2014 WL 7366257, at *3-4 (Woodall, P.J., concurring in results only). See also Blake, 2015 WL 112801, at *2; Wall, 2014 WL 7332113, at *2-3; Robinson, 2014 WL 5393240, at *2.

To further belie the trial court's conclusion about the Rule usurping the legislature's authority, we note, as did Presiding Judge Woodall, that Rule 36.1 was ratified and approved by both houses of the General Assembly and, furthermore, that ratification occurred in 2013, several years subsequent to the legislature's amendment to the habeas corpus statute in 2009. See Tenn. Code Ann. § 29-21-101, Compiler's Notes. Any conflict between the two would work in favor of the Rule as it occurred later in time. See Tenn. R. Crim. P. 1, Advisory Comm'n Cmts. (stating that the rules of criminal procedure "take precedence over preexisting statutes and case law which are in conflict with them, but statutes passed subsequent to their adoption which conflict with these rules shall control"). Likewise, in accordance with Presiding Judge Woodall's concurrence, two panels of our court have addressed this exact same ruling from a Shelby County Criminal Court and determined that those appellants were "defendants" within the meaning of Rule 36.1, even though their sentences had expired. See Blake, 2015 WL 112801, at *2; Wall, 2014 WL 7332113, at *2-3. In so holding, those panels reasoned, "because of the plain language within the rule," i.e., that a defendant "may, at any time, seek the correction of an illegal sentence," the trial court had jurisdiction to address the appellants' claims as long as they presented a colorable claim. Blake, 2015 WL 112801, at *2; Wall, 2014 WL 7332113, at *2.

Regarding the semantic argument made by the trial court—that the Appellant is no longer a "defendant" under Rule 36.1 because he "no longer stands 'accused' (present tense) of any crime[,]" we disagree that it yields the result espoused by the trial court—that the Appellant is no longer a defendant once his sentences expired. Instead, if we were to carry the trial court's conclusion to its rightful end, an accused would no longer be a defendant once entering a guilty plea or being convicted by a jury. Black's Law Dictionary 23 (6th ed. 1990) defines accused:

The generic name for the defendant in a criminal case. Person becomes "accused" within meaning of guarantee of speedy trial only at point at

which either formal indictment or information has been returned against him, or when he becomes subject to actual restraints on his liberty imposed by arrest, which ever first occurs.

Once a wrongdoing has been adjudicated, the individual is no longer accused in any present sense of the word. Therefore, pursuant to the trial court's rationale, the Appellant would have no longer been a defendant by the time of sentencing, much less during the 7.2 years he was serving his sentence, which would be an absurdity. We conclude, therefore, that the Appellant was the defendant in these cases prior to entering his guilty plea; that he was the defendant at the sentencing hearing and while serving his effective 7.2-year sentence; and that he is still the defendant for purposes of Rule 36.1 fifteen years after his sentences have expired. Therefore, the Appellant may still seek correction of his sentences under Rule 36.1 if he states a colorable claim.

The Appellant alleges that he committed the aggravated burglary offense in case number 91-07912 while released on bail for the drug offenses in case number 91-06144 and that the sentences for those convictions were ordered to be served concurrently pursuant to the terms of the plea agreement. Taking the Appellant's allegations as true, his concurrent sentences were in direct violation of Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), which provide for mandatory consecutive sentences when a defendant commits an offense while released on bail. Accordingly, the Appellant stated a colorable claim for relief under Rule 36.1, and the trial court erred in summarily denying the motion. We remand this matter to the trial court for the appointment of counsel to represent the Appellant and a hearing on the motion pursuant to Rule 36.1

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is reversed. The case is remanded for proceedings consistent with Rule 36.1 and this opinion.

_____
D. KELLY THOMAS, JR., JUDGE